# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

WILLIAM J. ANDREONI, M.D. and
OPHTHALMIC SURGEONS, LTD.,
Plaintiff,

v.

PAYCHEX, INC. and CHASE BANK,
USA, NA f/k/a BANK ONE,
Defendants.

C.A. No. 07-413-ML

## DEFENDANT PAYCHEX, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR STAY PENDING ARBITRATION

Defendant Paychex, Inc. ("Paychex"), through counsel, hereby moves to dismiss Counts I and II of Plaintiffs' Complaint, the only counts directed at Paychex. Plaintiffs' claims against Paychex for negligence and breach of fiduciary duty should be dismissed as a matter of law because the complaint fails to state any basis for the existence of a duty. Plaintiffs' breach of contract claims should also be dismissed because there has been no breach of any provision of the contract. In support of its motion Paychex relies upon the accompanying memorandum of law.

PAYCHEX, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor

Robert K. Taylor (#6514)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200 / (401) 861-8210 FAX
rkt@psh.com
cpm@psh.com

DATED: December 4, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT PAYCHEX, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR STAY PENDING ARBITRATION was electronically filed on December 4, 2007 with the Clerk of the United States District Court for the District of Rhode Island and is available for viewing and downloading to the following registered counsel of record:

Daniel V. McKinnon, Esq. / McKinnon Harwood
contact@mckinnonharwood.com

Jeffrey S. Brenner, Esq. / Nixon Peabody
jbrenner@nixonpeabody.com

/s/ Robert K. Taylor

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM J. ANDREONI, M.D. and OPHTHALMIC SURGEONS, LTD., | |
| Plaintiff, | |
| v. | C.A. No. 07-413-ML |
| PAYCHEX, INC. and CHASE BANK, USA, NA f/k/a BANK ONE, | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF DEFENDANT PAYCHEX, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR STAY PENDING ARBITRATION

Defendant Paychex, Inc. ("Paychex"), through counsel, hereby moves to dismiss Counts I and II of Plaintiffs' Complaint, the only counts directed at Paychex. Plaintiffs' claims against Paychex for negligence and breach of fiduciary duty should be dismissed as a matter of law because the complaint fails to state any basis for the existence of a duty. Plaintiffs admit the existence of a written contract with Paychex, and allege a breach of that contract. Their remedy, if any, is in contract, not tort.

Plaintiffs' breach of contract claims should also be dismissed because there has been no breach of any provision of the contract. The contract on which Plaintiffs rely gives Paychex express authorization to "draw from Client's bank account as specified by Client, such amounts as are necessary to pay its employees." Because the Complaint does not contain any allegation that Paychex drew from Plaintiffs' bank account other than as specified by Plaintiffs, the contract claim must fail. Plaintiff Andreoni's contract claim also fails for lack of privity.

In the alternative, the claims against Paychex should be stayed in favor of arbitration. Paychex and Plaintiff Ophthalmic Surgeons, Ltd., have a binding and enforceable

written agreement to arbitrate all disputes arising from or in connection with a 1996 service contract between them for tax payment services. The dispute alleged in the Complaint arises from or in connection with the 1996 contract because Paychex made payroll tax payments relating to the paychecks at issue. Paychex has not waived the arbitration clause or otherwise agreed to litigate disputes with Plaintiffs.

## I. BACKGROUND FACTS

Plaintiffs are a Rhode Island doctor and a corporation engaged in providing medical services. Complaint ¶ ¶ 1-2. Paychex is a New York-based provider of payroll processing and related services, including the preparation of federal and state payroll tax returns and the preparation of employee paychecks. Exhibit A, Declaration of Amy Fici ("Fici Dec.") ¶ 3. Paychex has branch offices in several states, including Rhode Island. *Id*. ¶ 2.

The Complaint alleges that from 2000 through 2006, Plaintiffs employed an individual named Carleen A. Connor.[1] The Complaint further alleges that during that seven year period, Plaintiffs were unaware that their employee Connor was overpaid, purportedly through the receipt of unauthorized paychecks, causing damages of approximately $233,000. The same employee is alleged to have fraudulently secured a credit card in the name of Ophthalmic Surgeons, and incurred unauthorized credit card charges of over $37,000.[2]

Plaintiff Ophthalmic Surgeons executed a written contract with Paychex on or about December 15, 1994 (the "1994 Contract"). A copy of the 1994 Contract is attached to and incorporated into the Plaintiffs' Complaint by reference. Complaint ¶ 6. Paragraph 2 of the 1994 Contract states:

---

[1] According to an obituary in the *Providence Journal*, Carleen Connor died on or about June 28, 2007. The obituary states hat she had been an employee of Ophthalmic Surgeons for 23 years.

[2] Plaintiffs are asserting claims against Chase Bank, USA, f/k/a Bank One, to recover the charges incurred as a result of this alleged fraud by their employee.

> SERVICES TO BE PERFORMED. In addition to the services Paychex performs for the Client as a payroll client, client hereby employs Paychex to process direct deposit payroll in compliance with Automated Clearing House regulations. One Business day prior to the client's payroll check date, Paychex is authorized to draw from Client's bank account as specified by Client, such amounts as are necessary to pay its employees. Such amounts are to be held in an account established by Paychex until check date when funds availability are due to the employee(s).

(Emphasis added). The 1994 Contract also contains a choice of law term, stating that the agreement shall be governed by New York law. 1994 Contract at ¶ 7.

In 1996, Ophthalmic Surgeons and Paychex entered into an additional agreement (the "1996 Contract"), which added "Taxpay" services to the services that Plaintiff was receiving. Exhibit A ¶ 5. The "Taxpay" services consisted of the processing and electronic funds transfer ("EFT") payment of payroll taxes to the appropriate taxing authorities. *Id.*

The 1996 Contract contains the following arbitration clause:

> Any dispute arising out of or in connection with this Agreement, if not otherwise resolved, shall be determined by arbitration in Rochester, New York, in accordance with the rules of the American Arbitration Association and it is the express desire of the parties that the prevailing party be awarded costs and attorneys fees and that the award be entered as a judgment in any jurisdiction in which the non-prevailing party does business.

1996 Contract (attached to Exhibit A) at ¶ 8.

Pursuant to these contracts, Plaintiffs designated a contact responsible for specifying to Paychex the amount to be withdrawn from the Plaintiffs' bank account for payroll. From 2000 to 2006, the designated contact was Carleen Connor, the same employee of the Plaintiffs that is alleged to have been overpaid. Exhibit A, Fici Dec. ¶ 6. Per Plaintiff's instruction, Paychex would withdraw the specified amount from the Plaintiffs' bank account one day before the desired payroll date, and Paychex personnel in Rochester, New York would process electronic funds transactions in such amounts as were necessary to pay Plaintiffs' payroll. Id. ¶ 7. Paychex personnel in Rochester also processed electronic funds transactions

withdrawing from Plaintiffs' bank account such amounts as were necessary to pay payroll taxes, and prepared and filed returns for such taxes. *Id*.

The Complaint alleges that between 2000 and 2006, Plaintiffs' employee Carleen Connor was overpaid such that Plaintiffs suffered damages of $233,159. Complaint ¶ 16. During those same years, Paychex withdrew monies from Plaintiffs' bank account and paid payroll taxes to the proper taxing authorities on the amounts paid to Carleen Connor. Exhibit A, Fici Dec. ¶ 7. Pursuant to the 1996 Contract, Paychex withdrew money for payroll taxes from the Plaintiffs' bank account on the date payroll was paid, and then held the money in a separate account until such time as the payroll taxes were due. *Id*.

## II. COUNTS I AND II OF THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Count I of Plaintiffs' action asserts causes of action sounding in breach of contract, negligence, and breach of fiduciary duty. All of these claims should be dismissed as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6).

Count II of the Complaint appears to be a claim for punitive damages. This claim should also be dismissed because there is no underlying breach of contract or violation of a duty on which an award of punitive damages can be based.

### A. Standard of Review

A court may dismiss an action for failure to state a claim "if it clearly appears that, on the facts alleged, the plaintiffs cannot recover on any viable theory." *Wagner v. Devine,* 122 F.3d 53, 55 (1st Cir. 1997), *cert. denied,* 522 U.S. 1090 (1998). In deciding whether to grant a Rule 12(b)(6) motion, a court may consider not only the facts alleged in the complaint, but also key documents referred to in the complaint (whether or not attached thereto), and matters of public record. *Boateng v. InterAmerican University, Inc.*, 210 F.3d 56, 60 (1st Cir. 2000), *cert. denied,* 531 U.S. 904 (2000); *Beddall v. State Street Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir.

1998); *Fudge v. Penthouse Int'l, Ltd.*, 840 F.2d 1012, 1015 (1st Cir. 1988), *cert. denied*, 488 U.S. 821 (1988).

**B. Argument**

**1. Plaintiffs' Claims for Negligence and Breach of Fiduciary Duty Fail to State a Claim.**

Under New York law, Plaintiffs' remedy against Paychex, if any, is in contract, not tort. *Olmeca, S.A. v. Manufactuers Hanover Trust Company*, 629 F. Supp. 214 (S.D.N.Y. 1985). In *Olmeca*, the parties stood in a bank/depositor relationship, which under New York law is a contractual relationship. Olmeca, the depositor, sued Manufacturer's Hanover Trust (MHT) for breach of contract, and also for negligence and breach of fiduciary duty. In dismissing both of the tort claims, the court held:

> Any claims which Olmeca has against MHT spring from their contractual relationship and do not create a tort independent of the contract claim. Where the contractual relationship of the parties defines the rights of each, the breach of that contract does not result in a wrong which is separately actionable.

*Id.* at 223.

Similarly here, the parties stand in a purely contractual relationship. Plaintiffs allegedly contracted with Paychex to perform payroll services, which Paychex performed as required by the contract. This was not a fiduciary relationship, and no other relationship between the parties exists. Thus, no other duties arose which would give rise to any tort liabilities. Claims against Paychex for negligence and breach of fiduciary duty therefore fail to state a claim for which relief may be granted and should be dismissed.

**2. Plaintiffs' Claims for Breach of Contract Should Also Be Dismissed.**

Plaintiffs' claims for breach of contract should also be dismissed in light of the plain language of the 1994 Contract attached to and incorporated by reference into the Complaint. First, the 1994 Contract on its face is between Paychex and Ophthalmic Surgeons,

Ltd., allegedly a Rhode Island corporation. Complaint ¶ 2. Plaintiff Andreoni is not a signatory to the contract. As such, his individual claim for breach of contract should be dismissed for lack of privity.

Second, there was no breach of any provision of the 1994 Contract. The 1994 Contract expressly authorizes Paychex to "draw from Client's bank account as specified by Client, such amounts as are necessary to pay its employees." 1994 Contract, ¶ 2. The Complaint does not allege that Paychex drew any money from Plaintiff's bank account for payroll, other than as specified by Ophthalmic Surgeons' authorized client contact. If Paychex drew money from Plaintiff's bank account for payroll only as specified by Plaintiff, then Paychex as a matter of law could not have breached the 1994 Contract, because it had unconditional written authorization to act on its client's instructions. While Plaintiff may now argue that those instructions were erroneous, or even fraudulent, Paychex was authorized in writing to act "as specified by Client" and is not liable in contract for having done so.

#### 3. Count II, Claiming Punitive Damages, Should Also Be Dismissed.

Count II of the Complaint does not allege any substantive violation of the law, but merely asserts that Plaintiffs are entitled to recover punitive damages. As Plaintiffs have failed to allege a breach of contract or legal duty on which any recovery can be based, their claim for punitive damages should be dismissed as well.

## III. IN THE ALTERNATIVE, THE LITIGATION SHOULD BE STAYED IN FAVOR OF ARBITRATION

The Federal Arbitration Act ("FAA") requires a stay of Plaintiffs' complaint in favor of arbitration pursuant to the parties' contractual arbitration agreement. Under the FAA, a stay should be ordered if (1) the court is satisfied that the dispute is covered by an arbitration agreement, and (2) the applicant for a stay is not in "default":

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an

> agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default with proceeding with such arbitration.

9 U.S.C. § 3.[3] Paychex satisfies both tests.

First, the issues raised in the Plaintiffs' Complaint are covered by the arbitration clause in the 1996 Contract. The arbitration clause provides that "[a]ny dispute arising out of or in connection with this Agreement" must be arbitrated. Plaintiffs' claims arise out of or in connection with the 1996 Contract because the payroll tax services were part of the package of related services being provided to Plaintiffs from 2000 through 2006. Paychex' processing of Ophthalmic Surgeons' payroll was a process which included payment of payroll taxes as provided for in the 1996 Contract, drawing on the same payroll data supplied by the client. Indeed, payroll taxes were paid from Ophthalmic Surgeons' bank account on all of the alleged excess payroll payments made to Carleen Connor during the relevant period, pursuant to the 1996 Contract. Although Plaintiffs have not specified whether they are seeking damages directly related to the alleged excess payroll tax payments, artful pleading can not disguise the fact that their claims relate to the 1996 Contract and should be arbitrated.

Second, Paychex is not in "default with proceeding with such arbitration." 9 U.S.C. § 3. Circumstances constituting default for purposes of this provision include delay in seeking a stay, or extensive participation in the litigation, such that the opposing party has been prejudiced. *Page v. Moseley, Hallgarten, Estabrook, and Weeden, Inc.*, 806 F.2d 291, 293 (1st Cir. 1986) ("in order for plaintiffs-appellees to prevail on their claim of waiver, they must show

---

3 Although not applicable here, the Rhode Island Arbitration Act follows the FAA. R.I.G.L. § 10-3-3.

not only that defendants delayed in seeking arbitration, but also that such delay caused plaintiffs prejudice"); *Benjamin-Coleman v. Praxair, Inc*., 216 F. Supp. 2d 750, 753 (N.D. Ill. 2002) (employer's prior motion to dismiss did not constitute waiver of right to arbitrate where employer raised arbitration clause as affirmative defense in answer to remaining claims, putting plaintiff on notice of intent to seek arbitration); *American Express Financial Advisors, Inc. v. Zito*, 45 F. Supp. 2d 230, 235 (E.D.N.Y. 1999) (five month delay in asserting right to arbitrate did not prejudice employer); *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc*., 88 F. Supp. 2d 168, 178 (S.D.N.Y. 2000) (no waiver of right to arbitrate where there had not been extensive discovery or motion practice and there was no prejudice to opposing party). Here, Paychex promptly filed its motion for stay before any discovery or motions practice in this court.

Under the FAA, there is a strong presumption in favor of arbitrability. *See* 9 U.S.C. § 2 ("A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract").[4] In *AT&T Technologies, Inc. v. Communication Workers of America*, 475 U.S. 643, 650 (1986), the Supreme Court explained:

> [I]t has been established that where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

---

[4] A contract "involving" commerce is one that affects interstate commerce, facilitates interstate commercial transactions or directly or indirectly affects commerce between states or countries. *Allied-Bruce Terminix Co., Inc., et al., v. Dobson, et al.*, 513 U.S. 265, 273-274 (1995); *Bernhardt v. Polygraphic Co. of America*, 350 U.S. 198, 201 (1956). The relationship between Paychex and Plaintiffs involves interstate commerce. The parties are residents of different states and Paychex personnel in New York performed services for Plaintiffs under the contract. Exhibit A, Fici Dec. ¶ 7.

*Id.* at 650 (citation omitted). Accordingly, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability." *Moses H. Cone Memorial Hospital v. Mercury Const.*, 460 U.S. 1, 24-25 (1983). *See Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 91 (2000) (where a party has moved to compel arbitration, "the party resisting such arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration."); *In re Managed Care Litigation*, 132 F. Supp. 2d 989, 993 (S.D. Fla. 2000), *aff'd*, 285 F.3d 971 (11th Cir. 2002) ("if the plaintiffs' allegations 'touch matters' covered by the arbitration agreement, then those claims must be arbitrated, irrespective of how the allegations are labeled."). In light of the broad arbitration provision contained in the contract between Paychex and Ophthalmic Surgeons, a stay of the proceedings is proper.

**CONCLUSION**

For the reasons stated above, Paychex respectfully requests that the claims against Paychex be dismissed. Alternatively, if not dismissed, this matter should be stayed in favor of arbitration, pursuant to the arbitration clause contained in the 1996 Contract.

PAYCHEX, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor

Robert K. Taylor (#6514)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
rkt@psh.com
cpm@psh.com

DATED: December 4, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT PAYCHEX, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR STAY PENDING ARBITRATION was electronically filed on December 4, 2007 with the Clerk of the United States District Court for the District of Rhode Island and is available for viewing and downloading to the following registered counsel of record:

Daniel V. McKinnon, Esq. / McKinnon Harwood
contact@mckinnonharwood.com

Jeffrey S. Brenner, Esq. / Nixon Peabody
jbrenner@nixonpeabody.com

/s/ Robert K. Taylor

954243_1/4035-3