UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM J. ANDREONI, MD, AND<br>OPHTHALMIC SURGEONS, LTD | : | |
| V. | : | C.A. No. 07-413/ML |
| PAYCHEX, INC. AND<br>CHASE BANK, USA, NA f/k/a<br>BANK ONE | : | JURY TRIAL CLAIMED |

**DEFENDANT CHASE BANK USA, NA f/k/a BANK ONE'S ANSWER TO PLAINTIFFS' COMPLAINT**

Pursuant to Fed. R. Civ. P. Rule 8, Defendant Chase Bank USA, NA f/k/a Bank One ("Chase") hereby answers Plaintiffs' Complaint.

PARTIES

1. Chase lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 1 and leaves Plaintiffs to their burden of proof.

2. Chase lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 2 and leaves Plaintiffs to their burden of proof.

3. Chase lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 3 and leaves Plaintiffs to their burden of proof.

4. Denied. Chase Bank USA, N.A. is a national banking association with its main office in Newark, Delaware.

COUNT I – PAYCHEX, INC.

[sic] Chase incorporates by reference its responses to paragraphs 1-4 above.

5. Chase neither admits nor denies the allegations in this paragraph because they pertain to another defendant. To the extent that this paragraph alleges any wrongdoing or liability against Chase, Chase denies the allegations.

6. Chase neither admits nor denies the allegations in this paragraph because they pertain to another defendant. To the extent that this paragraph alleges any wrongdoing or liability against Chase, Chase denies the allegations.

7. Chase neither admits nor denies the allegations in this paragraph because they pertain to another defendant. To the extent that this paragraph alleges any wrongdoing or liability against Chase, Chase denies the allegations.

8. Chase neither admits nor denies the allegations in this paragraph because they pertain to another defendant. To the extent that this paragraph alleges any wrongdoing or liability against Chase, Chase denies the allegations.

9. Chase neither admits nor denies the allegations in this paragraph because they pertain to another defendant. To the extent that this paragraph alleges any wrongdoing or liability against Chase, Chase denies the allegations.

10. Chase neither admits nor denies the allegations in this paragraph because they pertain to another defendant. To the extent that this paragraph alleges any wrongdoing or liability against Chase, Chase denies the allegations.

11. Chase neither admits nor denies the allegations in this paragraph because they pertain to another defendant. To the extent that this paragraph alleges any wrongdoing or liability against Chase, Chase denies the allegations.

12. Chase neither admits nor denies the allegations in this paragraph because they pertain to another defendant. To the extent that this paragraph alleges any wrongdoing or liability against Chase, Chase denies the allegations.

13. Chase neither admits nor denies the allegations in this paragraph because they pertain to another defendant. To the extent that this paragraph alleges any wrongdoing or liability against Chase, Chase denies the allegations.

14. Chase neither admits nor denies the allegations in this paragraph because they pertain to another defendant. To the extent that this paragraph alleges any wrongdoing or liability against Chase, Chase denies the allegations.

15. Chase neither admits nor denies the allegations in this paragraph because they pertain to another defendant. To the extent that this paragraph alleges any wrongdoing or liability against Chase, Chase denies the allegations.

16. Chase neither admits nor denies the allegations in this paragraph because they pertain to another defendant. To the extent that this paragraph alleges any wrongdoing or liability against Chase, Chase denies the allegations.

## COUNT II – PAYCHEX, INC.

17. Chase incorporates by reference its responses to paragraphs 1-16 above.

18. Chase neither admits nor denies the allegations in this paragraph because they pertain to another defendant. To the extent that this paragraph alleges any wrongdoing or liability against Chase, Chase denies the allegations.

19. Chase neither admits nor denies the allegations in this paragraph because they pertain to another defendant. To the extent that this paragraph alleges any wrongdoing or liability against Chase, Chase denies the allegations.

20. Chase neither admits nor denies the allegations in this paragraph because they pertain to another defendant. To the extent that this paragraph alleges any wrongdoing or liability against Chase, Chase denies the allegations.

21. Chase neither admits nor denies the allegations in this paragraph because they pertain to another defendant. To the extent that this paragraph alleges any wrongdoing or liability against Chase, Chase denies the allegations.

## COUNT III – CHASE BANK USA, NA

[sic] Chase incorporates by reference its responses to paragraphs 1-21 above.

22. Chase admits that it offered its credit card services to Plaintiffs. Chase denies the remaining allegations in this paragraph.

23. Chase admits that Plaintiffs had a Bank One Visa credit card which then became a Chase credit card. Chase also admits that the credit card was issued to Ophthalmic Surgeons, Ltd. Chase neither admits nor denies the remaining allegations set forth in this paragraph and leave Plaintiffs to their burden of proof.

24. Chase admits that the credit card was used by Plaintiffs, that Chase sent monthly statements, and that payments were made in response to the monthly statements. Chase neither admits nor denies the remaining allegations in this paragraph and leaves Plaintiffs to their burden of proof.

25. Admitted.

26. Admitted.

27. Chase lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and leaves Plaintiffs to their burden of proof.

28. Chase lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph and leaves Plaintiffs to their burden of proof.

29. Denied.

30. Chase lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph and leaves Plaintiffs to their burden of proof. To the extent that this paragraph alleges any wrongdoing or liability against Chase, Chase denies the allegations.

31. Denied.

32. Chase lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph and leaves Plaintiffs to their burden of proof.

33. Chase admits that Plaintiffs requested a credit in the amount of $37,680.00 but denies that Plaintiffs were entitled to any credit. Chase lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph and leaves Plaintiffs to their burden of proof.

34. Denied.

35. Denied.

36. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred because Plaintiffs have failed to mitigate their damages.

2. Plaintiffs' claims are barred by the doctrine of estoppel.

3. Any damage suffered by Plaintiffs was the result of acts and omissions of Plaintiffs and not the result of acts or omissions of Chase.

4. Any damage suffered by Plaintiffs was the result of the actions and conduct of third parties not named in this lawsuit.

5. Chase's actions were not the proximate cause of the alleged damages, if any, sustained by Plaintiffs.

6. Plaintiffs' claims against Chase are barred in whole or in part by the doctrine of laches.

7. Plaintiffs have no statutory, contractual, or other right to recoup their costs and/or attorneys fees in brining this action.

8. Plaintiffs' claims against Chase are barred by their failure to name an indispensable party as a defendant in this lawsuit.

9. Plaintiffs' claims are barred by the applicable statute of limitations.

10. Plaintiffs' claims are barred by their failure to comply with the applicable contract terms and requirements.

11. Plaintiffs' Complaint fails to state a claim for which relief may be granted.

WHEREFORE, Chase requests that this Court deny Plaintiffs' claims for relief, dismiss the Complaint with prejudice, award Chase its costs and attorneys' fees incurred in the defense of the Complaint, and for such other further relief that this Court deems just and proper.

JURY TRIAL DEMAND

Chase claims a trial by jury on all applicable counts.

CHASE BANK, USA, NA f/k/a BANK ONE
By Its Attorneys,

/s/ Jeffrey S. Brenner
/s/ Jason P. Marino

Jeffrey S. Brenner (#4369)
Jason P. Marino (#7548)
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
E-mail: jbrenner@nixonpeabody.com
E-mail: jmarino@nixonpeabody.com

Dated: December 12, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that the within Defendant Chase Bank USA, NA f/k/a Bank One's Answer to Plaintiffs' Complaint filed through the ECF system will be sent electronically to the registered participants, Daniel V. McKinnon, Esq. at contact@mckinnonharwood.com; Carolyn P. Medina, Esq. at cmp@psh.com and Robert K. Taylor, Esq. at rkt@psh.com as identified on the Notice of Electronic Filing (NEF), on this 12th day of December, 2007.

/s/ Jeffrey S. Brenner