**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WILLIAM J. ANDREONI, M.D. and OPHTHALMIC SURGEONS, LTD.<br>Plaintiffs | : | |
| vs. | : | C.A. No. 07-413-ML |
| PAYCHEX, INC. and CHASE BANK, USA, NA f/k/a BANK ONE<br>Defendants | : | |

**PLAINTIFFS WILLIAM J. ANDREONI, M.D. AND OPHTHALMIC SURGEONS, LTD.'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR STAY PENDING ARBITRATION**

## Introduction

Defendant Paychex, Inc. has moved to dismiss, or, in the alternative, to stay pending arbitration, relying on the affidavit of one of its attorneys. The motion is bootless for a number of reasons:

- A motion to dismiss must assume the truth of the plaintiffs' allegations. It cannot depend on the evidence *dehors* the complaint. Defendant admits as much in its memorandum. Plaintiffs have therefore moved to strike the affidavit of Paychex's attorney. *See Plaintiffs' Motion to Strike Declaration of Amy L. Fici,* plus supporting memorandum.

- The complaint does state a cause of action for breach of contract. Defendant can find a way to assert otherwise only by harping on one clause of the contract while simultaneously relying on its attorney's affidavit and ignoring another contract clause in the same sentence.

- Defendant misunderstands the complaint when it claims that plaintiffs have no cause of action in tort. The complaint alleges breach of contract based *inter alia* on negligent contract performance. It does not allege a cause of action in tort. This contract contained an explicit promise that Paychex would execute its contract duties without negligence. In addition, at common law, every contract contains an implicit promise that contracting

parties will perform its duties under the contract with reasonable care. Particularly where one party holds itself out as an expert or professional, and the other reasonably relies on that expertise, as alleged here, the negligent performance of those duties constitutes a breach of the parties' contract.

- As to the motion to stay pending arbitration: The complaint alleges breach of the parties' 1994 contract, which has no arbitration clause. Plaintiffs have stated no claim under a 1996 contract proffered by defense counsel, which relates exclusively to payroll tax services and was signed by only one party. This claim approaches the frivolous.

Defendant will discuss each of these points briefly below.

**Standard of Review**

The law is well settled that a dismissal motion may be granted only if "it clearly appears that, *on the facts alleged,* the plaintiff cannot recover on any viable theory." *Wagner v. Devine,* 122 F.3d 53, 55 F.3d 1997)(emphasis supplied), *cert. denied,* 522 U.S. 1090 (1998), quoted in *Defendant's Memorandum* at 4. The Court "must accept as true the factual allegations of the complaint, [and] construe all reasonable inferences therefrom in favor of the plaintiffs, …" *Beddall v. State Street Bank & Trust Company.,* 137 F.3d 12, 17 (1st Cir. 1998), cited in *Defendant's Memorandum* at 4-5.

**Facts**

The only relevant facts are thus the allegations of plaintiffs' complaint. According to the complaint, plaintiff is a medical doctor, and Ophthalmic Surgeons, Ltd., is a Rhode Island corporation. *Complaint,* ¶¶ 1, 2. They entered into a contract in 1994 with defendant Paychex, Inc. pursuant to which Paychex agreed to make weekly payroll deposits in order to facilitate plaintiffs' payment of

the wages of their employees. *Id.*, ¶5, *Exhibit A*, ¶¶8, 9. Plaintiffs performed all of their obligations under the contract. *Id.*, ¶ 11.

Paychex held itself out as expert at providing these services, *Id.*, ¶ 6, and plaintiffs relied on that expertise. *Id.*, ¶ 15. Paychex carried out its part of the bargain negligently however, paying one employee, Carleen Connor, eighty-three (83) weekly pay checks in calendar year 2000; eighty-one (81) weekly pay checks in calendar year 2001; ninety-one (91) weekly pay checks in calendar year 2002; ninety-nine (99) weekly pay checks in calendar year 2003; one hundred and nine (109) weekly pay checks in calendar year 2004; one hundred and twelve (112) weekly pay checks in calendar year 2005; and one hundred and nineteen (119) weekly pay checks in calendar year 2006. *Id.*, ¶¶12, 13.

Paychex knew or should have known that these payments were improper given that there are at most fifty-two (52) weeks in a calendar year, and plaintiffs reasonably relied on defendant to notify them that these payment were in excess of what was necessary to pay one employee for fifty-two (52) (or fewer) weeks of employment. *Id.*, ¶ ¶14, 15. Plaintiffs suffered damages in the amount of $233,156.00 as a result. *Id.*, ¶ 16.

The complaint does not mention, or refer to, or premise any claim for damages on, a 1996 contract which defendant proffers through its attorney, Amy L. Fici. *See Exhibit 2* (1996 contract), attached to *Declaration of Amy L. Fici (Fici Declaration)*, which is appended as *Exhibit A* to *Memorandum in Support of Defendant Paychex, Inc.'s Motion to Dismiss or, In the Alternative, for Stay Pending Arbitration (Defendant's Memorandum)*. The proffered 1996 contract is not signed by both parties. *Id.* It concerns "Taxpay" services only, *i.e.*, payment of payroll taxes. *Id.* *See Defendant's Memorandum* at 7.

Plaintiffs' complaint does not allege any damages on account of the payment of excess payroll taxes.

**Breach of Contract Claim**

Defendant relies on the affidavit of its attorney when moving to dismiss plaintiffs' breach of contract claim. *Defendant's Memorandum* at 6. It does so because, without the one-sided allegations of counsel, it is obvious that the complaint alleges a contract breach.

Plaintiffs claim that defendant breached the parties' 1994 contract, which they attach as *Exhibit A* to their complaint. *See Complaint* at ¶ 5, attaching *Exhibit A* (1994 contract). That contract required Paychex *inter alia* to "draw from Client's bank account as specified by Client, such amounts *as are necessary* to pay its employees." *Exhibit A,* 1994 Contract at ¶ 2 (emphasis supplied). The complaint alleges that Paychex did not draw only what was "necessary" to pay plaintiffs' employees. To the contrary, it drew an escalating series of overpayments for one employee, starting with eighty-one (81) weekly pay checks and rising to one hundred and nineteen (119) weekly pay checks. *Complaint* at ¶¶ 12, 13.

Citing the *Fici Declaration*, defendant protests that Connor was the authorized agent of plaintiffs for purposes of specifying the amounts to be drawn from plaintiffs' accounts. *Defendant's Memorandum* at 6. There are multiple problems with this as a ground for dismissal. First and foremost, the complaint does not state that Connor was the authorized agent of plaintiffs for any purpose. The *Fici Affidavit* is not part of the plaintiff's complaint. It has no

role to play on a motion to dismiss.[1] On this ground alone, defendant's motion must be denied.

In addition, defendant argues as if the 1994 contract had but one clause relevant to the drawing of moneys for payroll purposes when in fact it has two. Defendant would have ¶ 2 of the 1994 contract say that "Paychex is authorized to draw from Client's bank account as specified by Client *such amounts as Client's authorized agent dictates*." *See Defendant's Memorandum* at 6 (arguing that Paychex had "unconditional written authorization to act on its client's instructions").

In fact, what the clause states is that "Paychex is authorized to draw from Client's bank account as specified by Client, such amounts *as are necessary to pay its employees*." *Exhibit A,* 1994 contract, ¶ 2 (emphasis supplied). Paychex signed a contract agreeing to draw not only what was "authorized," but what was also "necessary" to pay plaintiffs' employees. According to the complaint, plaintiffs hired Paychex because it held itself out as "an expert in the providing of those payroll services otherwise set forth in Exhibit A." *Complaint,* ¶ 5. Plaintiffs allege that they paid in order to secure that expertise. *Id.* at ¶ 6.

Paychex agreed to provide that expertise when it agreed to draw only what was "necessary" to meet payroll. The contract contemplated that Paychex would not draw one hundred and nineteen (119) checks to pay a single employee for a fifty-two (52) week year because such payments were not "necessary" to meet payroll.[2]

[1] Plaintiffs will certainly dispute at trial any claim that they authorized anyone to draw up to one hundred and nineteen (119) weekly pay checks for work during a fifty-two (52) week year.

[2] This is not a close case. It was obvious that these payments were in excess of what was "necessary" to pay Connor. Even if the *Fici Declaration* were taken into account, the *ultra vires* nature of the payments should have been obvious to Paychex. Connor was abusing her position to pad her own pay,

Responding to plaintiffs' allegation that these payments amount to multiple negligent breaches of defendant's duty of due care (*Complaint* at ¶12), defendant protests that plaintiffs have no cause of action in tort under New York law. *Defendant's Memorandum* at 5. Defendant misunderstands the complaint. Plaintiffs allege a breach of contract, not a cause of action for tort. The 1994 contract contains a clause stating that Paychex will be liable to plaintiffs for its own negligence and for the negligence of its employees. 1994 Contract at ¶ 5. Plaintiffs have alleged that defendant has breached this clause by negligently drawing tens of thousands of dollars out of plaintiffs' account which were not "necessary" to meet plaintiffs' payroll. *Complaint* at ¶¶ 12, 14, 15.

In addition, "accompanying every contract there is a common-law duty to perform with care, skill, reasonable expedience, and faithfulness the thing agreed to be done, …" 1 Speiser, *et al.,* The American Law of Torts § 1:21, pp. 72-73 (2003). The negligent failure to observe these conditions is a breach of contract. *Id.* "In every contract there is an implied covenant of good faith and fair dealing that neither party will do any thing which injures the right of the other to receive the benefits of the agreement." *Wagner v. Benson,* 161 Cal.Reptr. 616 (App.4thDist.1st Div. 1980).

Further, according to Prosser and Keeton, damages premised on one party's detrimental reliance on the assurances of another become recoverable in contract when they are premised, as here, on the breach of an enforceable promise. *Prosser and Keeton on the Law of Torts,* § 92, p. 658 (1984).

---

and her pay alone. What if she had told Paychex to wire $1 million to her bank account in the Cayman Islands? Could Paychex defend on the ground that it was authorized to pay Connor whatever amount she dictated, since she was plaintiffs' authorized agent?

In sum, under both the express terms of the 1994 contract and at common law, Paychex had a contract duty to perform its obligations under the 1994 contract with due care and without negligence. Plaintiffs have alleged that defendant breached this contract duty. Defendant's motion to dismiss must therefore be denied.[3]

**Punitive Damages**

Defendant claims that plaintiffs' punitive damage claim must be dismissed on the same ground on which its complaint must be dismissed *in toto.* The punitive damage claim survives defendant's challenge for the same reason the complaint as a whole does.

**No Arbitration Clause and Therefore No Ground for Stay**

Defendant's arbitration argument is close to frivolous. The 1994 contract has no arbitration clause. Plaintiffs have stated a cause of action for breach of the 1994 contract and the 1994 only. That is the end of the matter.

Defendant cites a 1996 contract between the parties, which concerns payroll tax services exclusively and includes an arbitration clause. *Defendant's Memorandum* at 7, citing *Exhibit 2* (1996 contract), appended to *Fici Declaration.* That contract was brought to the Court's attention only as an appendix to an affidavit of defendant's counsel. It has nothing to do with the case brought by plaintiffs.

Paychex asserts that "Plaintiffs have not specified whether they are seeking damages directly related to the alleged excess payroll tax payments, …" in the 1996 contract. *Defendant's Memorandum* at 7.

---

[3] Defendant also states that plaintiff William J. Andreoni, M.D. is not a signatory to the 1994 contract and that his complaint should therefore be dismissed for lack of privity. *Defendant's Memorandum* at 5-6. Dr. Andreoni and his business, Ophthalmic Surgeons, Ltd., are one and the same. He is the business's sole shareholder and alter-ego.

This is incorrect. Plaintiffs have indeed so specified. Plaintiffs state no cause of action whatever on the 1996 contract, and seek no damages premised on excess payroll tax payments. Plaintiffs seek return of excess wage payments only under the terms of the 1994 contract alone.

Defendant goes on to assert that "artful pleading can not (*sic*) disguise the fact that their claims relate to the 1996 Contract and should be arbitrated." *Id.* at 7. This statement is frivolous. Defendant cannot force arbitration by requiring plaintiffs to assert a claim they do not choose to assert. Plaintiffs' claims do not "relate to the 1996 Contract." To the contrary, the complaint neither mentions the 1996 contract, nor asserts that plaintiffs suffered any damage based on breach of the 1996 contract.

Finally, defendant claims that the 1996 contract is "part of the package of related services being provided to Plaintiffs from 2000 to 2006." *Defendant's Memorandum* at 7. According to its terms, however, the 1994 contract "may be modified only by a subsequent writing signed by both parties." 1994 Contract at ¶ 7. The 1996 contract was not so signed. The 1996 contract defendant proffers as evidence of a subsequent agreement was signed by plaintiff alone. 1996 contract, attached as *Exhibit A* to *Fici Declaration.* Even if the 1996 contract were otherwise relevant (which it is not), it is legally ineffective as an amendment to the 1994 agreement because it was not executed by both parties as required.

Plaintiff never agreed to arbitrate defendant's breach of the 1994 contract. No party may be required to arbitrate a matter s/he has not agreed to submit to arbitration. *Howsam v. Dean Witter Reynolds,* 537 U.S. 79, 83 (2002). Defendant's stay motion must therefore be denied.

**Conclusion**

For these reasons, plaintiffs respectfully asks that this Court deny defendant's motion to dismiss or, in the alternative, for a stay pending arbitration.

Respectfully submitted,
Plaintiffs
WILLIAM J. ANDREONI, M.D.,
OPHTHALMIC SURGEONS LTD.,
By their attorney,

/S/ Daniel V. McKinnon
________________________

Daniel V. McKinnon (#669)
McKinnon & Harwood
1168 Newport Ave.
Pawtucket, RI 02861
(401) 723-9655
contact@mckinnonharwood.com

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was electronically filed on January 9, 2008 with the Clerk of the United States District Court for the District of Rhode Island and is available for viewing and downloading to the following registered counsel of record:

Robert K. Taylor
rkt@psh.com

Carolyn P. Medina
cpm@psh.com

Jeffrey Brenner
jbrenner@nixonpeabody.com

/s/ Daniel V. McKinnon