**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WILLIAM J. ANDREONI, M.D. and<br>OPHTHALMIC SURGEONS, LTD.<br>Plaintiffs | : | |
| vs. | : | C.A. No. 07-413-ML |
| PAYCHEX, INC. and CHASE BANK,<br>USA, NA f/k/a BANK ONE<br>Defendants | : | |

**PLAINTIFFS WILLIAM J. ANDREONI, M.D. AND OPHTHALMIC SURGEONS, LTD.'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE *DECLARATION OF AMY L. FICI* PLUS ATTACHED EXHIBITS TENDERED IN SUPPORT OF *MOTION TO DISMISS***

Defendant Paychex, Inc. has moved to dismiss plaintiffs' complaint under Fed.R.Civ.P. 12(b)(6) on the ground that it fails to state a claim on which relief can be granted. Paychex has tendered the affidavit of one of its attorneys in support of this motion. *See Declaration of Amy L. Fici (Fici Declaration)*, attached as *Exhibit A* to *Memorandum in Support of Defendant Paychex, Inc.'s Motion to Dismiss or, in the Alternative, for Stay Pending Arbitration (Defendant's Memorandum)*. Paychex argues that plaintiffs' complaint should be dismissed based on factual allegations made in this affidavit. *Defendant's Memorandum* at 3-4, 6.

The *Fici Declaration* is completely out of bounds. A dismissal motion can be granted only if the allegations of the complaint fail to state a claim. It cannot be based on allegations of fact made by the defendant outside the four corners of the complaint. According to the defendant's own memorandum, a motion to dismiss may be granted only if "it clearly appears that, *on the facts alleged,* the plaintiff cannot recover on any viable theory." *Wagner v. Devine,* 122 F.3d 53, 55 F.3d 1997)(emphasis supplied), *cert. denied,* 522 U.S. 1090 (1998), quoted in *Defendant's Memorandum* at 4. The Court "must accept as true the factual allegations of the complaint, [and] construe all reasonable

inferences therefrom in favor of the plaintiffs, …" *Beddall v. State Street Bank & Trust Company.*, 137 F.3d 12, 17 (1st Cir. 1998), cited in *Defendant's Memorandum* at 4-5.

Defendant's memorandum states that this Court can consider "key documents referred to in the complaint" and public records in response to a motion to dismiss. *Defendant's Memorandum* at 4. Defendant does not claim, however, that the *Fici Declaration* or either of its attachments fits in either category. Neither does. The *Fici Declaration* can play no role whatever in relation to a motion to dismiss.

The *Fici Declaration* is equally irrelevant to defendant's motion for a stay pending arbitration. There is no arbitration clause in the 1994 contract which the complaint alleges that defendant has breached. *Memorandum in Opposition to Defendant's Motion to Dismiss or, in the Alternative, for Stay Pending Arbitration (Plaintiffs' Memorandum)* at 6-8.

Citing the *Fici Declaration,* Paychex asserts that plaintiffs really want to litigate a different cause of action which plaintiffs have not alleged, for breach of a different contract (the 1996 contract), in order to permit defendant to access the arbitration clause in that contract. *Id.; Defendant's Memorandum* at 7. The 1996 contract concerns payroll taxes only. *Defendant's Memorandum* at 7. Plaintiffs do not claim any damages sustained on account of alleged payment of excess payroll taxes under the 1996 contract. This new and different cause of action exists exclusively in *Defendant's Memorandum* and the *Fici Declaration. See Defendant's Memorandum* at 7; *Fici Declaration* at ¶ 5, *Exhibit 2.* It is nowhere in the plaintiffs' complaint. It has no role to play in this litigation. On this ground, too, the *Fici Declaration* must be stricken.

For all of these reasons, Plaintiffs respectfully asks that this Court strike the *Fici Declaration* and its two exhibits from the record.

Respectfully submitted,
Plaintiffs
WILLIAM J. ANDREONI, M.D.,
OPHTHALMIC SURGEONS LTD.,
By their attorney,

/S/ Daniel V. McKinnon

Daniel V. McKinnon (#669)
McKinnon & Harwood
1168 Newport Ave.
Pawtucket, RI 02861
(401) 723-9655
contact@mckinnonharwood.com

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was electronically filed on January 9, 2008 with the Clerk of the United States District Court for the District of Rhode Island and is available for viewing and downloading to the following registered counsel of record:

Robert K. Taylor
rkt@psh.com

Carolyn P. Medina
cpm@psh.com

Jeffrey Brenner
jbrenner@nixonpeabody.com

/s/ Daniel V. McKinnon