**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| WILLIAM J. ANDREONI, M.D. and OPHTHALMIC SURGEONS, LTD., Plaintiffs, v. PAYCHEX, INC. and CHASE BANK, USA, NA f/k/a BANK ONE, Defendants. | C.A. No. 07-413-ML |

**REPLY OF PAYCHEX, INC. IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR STAY PENDING ARBITRATION**

Defendant Paychex, Inc. ("Paychex") submits the following reply memorandum in support of its motion to dismiss, or in the alternative for stay pending arbitration.

## I. Defendant's Motion To Dismiss Should Be Granted.

Plaintiffs' objection concedes, as it must, that the only potentially valid claim against Paychex is for breach of contract. Whether the breach is characterized as negligent or otherwise, Paychex cannot be liable to Ophthalmic Surgeons in this action unless it breached a contractual obligation. Further, under New York law which governs this dispute, the implied duty of good faith and fair dealing does not create performance obligations above and beyond what is required by the contract. *Murphy v. American Home Products*, 58 N.Y.2d 293, 304, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983) ("No obligation can be implied, however, which would be inconsistent with other terms of the contractual relationship.").

Plaintiffs' complaint does not state a claim for breach of contract. It is undisputed that the 1994 Contract authorized Paychex to "draw from Client's bank account as specified by Client, such amounts as are necessary to pay its employees." Plaintiff nowhere alleges that

Paychex made any payroll payments other than as "specified by Client."[1] Therefore, the complaint fails to state a claim for breach of contract.

Plaintiff urges the Court to interpret the 1994 Contract as imposing on Paychex an obligation to make only "necessary" payroll payments, regardless of what payments are specified by its client. No reasonable juror could determine that the 1994 Contract required Paychex to analyze whether a particular payroll was "necessary," and only make payments accordingly. Paychex could not possibly be expected to scrutinize, second-guess and potentially overrule every payroll submitted by its clients based on Paychex' determination of whether the payroll was necessary. Determining whether a particular payroll was "necessary" would require access to all of the client's books and records and consultation with accountants, lawyers, human resources personnel, and other professionals. Paychex had no obligation, contractual or otherwise, to undertake this massive effort on behalf of its payroll processing clients.

The word "necessary" in the 1994 Contract refers to the payments specified by the client; the obvious meaning of the contract language is that the payments were "necessary" in order to carry out the client's instructions. Paychex' job was to process the payroll as directed by the client. Paychex was not obligated to independently review the payroll and determine whether it was "necessary" to meet the employer's obligations to third parties. Ophthalmic Surgeons' complaint should be dismissed.

Plaintiff argues that Dr. Andreoni's individual claim against Paychex should not be dismissed because Dr. Andreoni "is the business's sole shareholder and alter ego." Opposition at 7, n. 3. While Dr. Andreoni may have a financial interest in the outcome of his company's lawsuit, it does not alter the fact that only Ophthalmic Surgeons, Ltd. has a contract

---

[1] It is axiomatic that a corporation cannot act on its own behalf, but instead must act through individuals. Thus, Plaintiffs' argument that Paychex is attempting to add a term to the Agreement requiring Ophthalmic Surgeons to act through an authorized agent is inapposite. *See* Opposition at 5.

with Paychex. Dr. Andreoni's individual claims against Paychex should be dismissed for lack of privity.

**II. <u>Alternatively, Plaintiffs' Claims Should Be Stayed In Favor Of Arbitration</u>.**

Plaintiff does not dispute that Paychex paid payroll taxes out of Plaintiff's bank account based on the payroll specified by Plaintiff's employee, Carleen Connor. While Plaintiff may prefer to forego damages for excess payroll tax payments in hopes of avoiding arbitration, it cannot avoid the application of the 1996 Agreement or its governing terms merely by limiting the damages it seeks. Plaintiff is contractually obligated to arbitrate all disputes "arising out of or in connection with" the 1996 Agreement. As set forth in Paychex' opening memorandum, this suit is inextricably connected with the 1996 Agreement because at the time of the alleged excess payroll payments, tax payment services were part of a package of related services being provided to Ophthalmic Surgeons, Ltd. Paychex' contractually required tax payments on the alleged excess payroll are as much a part of this dispute as are the alleged excess payroll payments themselves.

PAYCHEX, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor

Robert K. Taylor (#6514)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
rkt@psh.com
cpm@psh.com

DATED: January 24, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing REPLY OF PAYCHEX, INC. IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR STAY PENDING ARBITRATION was electronically filed on the 24th day of January, 2008 with the Clerk of the United States District Court for the District of Rhode Island and is available for viewing and downloading to the following registered counsel of record:

Daniel V. McKinnon, Esq. / McKinnon Harwood
contact@mckinnonharwood.com

Jeffrey S. Brenner, Esq. / Nixon Peabody
jbrenner@nixonpeabody.com

/s/ Robert K. Taylor

963768_1/4035-3