# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM J. ANDREONI, M.D. and<br>OPHTHALMIC SURGEONS, LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>PAYCHEX, INC. and CHASE BANK,<br>USA, NA f/k/a BANK ONE,<br><br>Defendants. | C.A. No. 07-413-ML |

**<u>PAYCHEX, INC.'S ANSWER TO COMPLAINT</u>**

Pachex, Inc. ("Paychex"), through counsel, answers the complaint of Plaintiff Ophthalmic Surgeons, Ltd. ("OSL")[1] as follows:

1. Paychex lacks sufficient information to admit or deny the allegations of paragraph 1, which are therefore denied.

2. Paychex lacks sufficient information to admit or deny the allegations of paragraph 2, which are therefore denied.

3. Admitted.

4. Paychex lacks sufficient information to admit or deny the allegations of paragraph 4, which are therefore denied.

**<u>COUNT I – Paychex, Inc.</u>**

5. Paychex admits that on or about December 15, 1994, it entered into the agreement with OSL attached to the Complaint (the "1994 Contract"), and states that the terms of the 1994 Contract speak for themselves. The allegations of paragraph 5 are otherwise denied.

---

[1] By order dated February 20, 2008, the Court dismissed all claims of William Andreoni against Paychex.

6. Denied.

7. Paychex admits that OSL compensated Paychex as required by the 1994 Contract. The allegations of paragraph 7 are otherwise denied.

8. Paychex admits that it agreed to perform the 1994 Contract, and states that the terms of the 1994 Contract speak for themselves. The allegations of paragraph 8 are otherwise denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

**COUNT II – Paychex, Inc.**

By order dated February 20, 2008, the Court dismissed Count II against Paychex. Therefore, no response is required to paragraphs 17 through 21 of the Complaint. To the extent a response is required, Paychex denies the allegations of paragraphs 17 through 21.

**COUNT III – Chase Bank USA, NA**

21. The allegations contained in paragraph 21 are not directed to Paychex, and therefore no response is required. To the extent a response is required, Paychex lacks sufficient information to admit or deny the allegations of paragraph 21, which are therefore denied.

22. The allegations contained in paragraph 22 are not directed to Paychex, and therefore no response is required. To the extent a response is required, Paychex lacks sufficient information to admit or deny the allegations of paragraph 22, which are therefore denied.

23. The allegations contained in paragraph 23 are not directed to Paychex, and therefore no response is required. To the extent a response is required, Paychex lacks sufficient information to admit or deny the allegations of paragraph 23, which are therefore denied.

24. The allegations contained in paragraph 24 are not directed to Paychex, and therefore no response is required. To the extent a response is required, Paychex lacks sufficient information to admit or deny the allegations of paragraph 24, which are therefore denied.

25. The allegations contained in paragraph 25 are not directed to Paychex, and therefore no response is required. To the extent a response is required, Paychex lacks sufficient information to admit or deny the allegations of paragraph 25, which are therefore denied.

26. The allegations contained in paragraph 26 are not directed to Paychex, and therefore no response is required. To the extent a response is required, Paychex lacks sufficient information to admit or deny the allegations of paragraph 26, which are therefore denied.

27. The allegations contained in paragraph 27 are not directed to Paychex, and therefore no response is required. To the extent a response is required, Paychex lacks sufficient information to admit or deny the allegations of paragraph 27, which are therefore denied.

28. The allegations contained in paragraph 28 are not directed to Paychex, and therefore no response is required. To the extent a response is required, Paychex lacks sufficient information to admit or deny the allegations of paragraph 28, which are therefore denied.

29. The allegations contained in paragraph 29 are not directed to Paychex, and therefore no response is required. To the extent a response is required, Paychex lacks sufficient information to admit or deny the allegations of paragraph 29, which are therefore denied.

30. The allegations contained in paragraph 30 are not directed to Paychex, and therefore no response is required. To the extent a response is required, Paychex lacks sufficient information to admit or deny the allegations of paragraph 30, which are therefore denied.

31. The allegations contained in paragraph 31 are not directed to Paychex, and therefore no response is required. To the extent a response is required, Paychex lacks sufficient information to admit or deny the allegations of paragraph 31, which are therefore denied.

32. The allegations contained in paragraph 32 are not directed to Paychex, and therefore no response is required. To the extent a response is required, Paychex lacks sufficient information to admit or deny the allegations of paragraph 32, which are therefore denied.

33. The allegations contained in paragraph 33 are not directed to Paychex, and therefore no response is required. To the extent a response is required, Paychex lacks sufficient information to admit or deny the allegations of paragraph 33, which are therefore denied.

34. The allegations contained in paragraph 34 are not directed to Paychex, and therefore no response is required. To the extent a response is required, Paychex lacks sufficient information to admit or deny the allegations of paragraph 34, which are therefore denied.

35. The allegations contained in paragraph 35 are not directed to Paychex, and therefore no response is required. To the extent a response is required, Paychex lacks sufficient information to admit or deny the allegations of paragraph 35, which are therefore denied.

36. The allegations contained in paragraph 36 are not directed to Paychex, and therefore no response is required. To the extent a response is required, Paychex lacks sufficient information to admit or deny the allegations of paragraph 36, which are therefore denied.

**Prayer for Relief**

Paychex states that no response is required to Plaintiff's prayer for relief. To the extent that a response is deemed necessary, Paychex denies that Plaintiff is entitled to any relief.

**Affirmative Defenses**

1. Paychex reasonably relied on OSL's authorized representative for direction regarding OSL's payroll.

2. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or the doctrine of laches.

3. OSL failed to mitigate its damages.

4. Plaintiff's claims are barred in whole or in part by the culpable conduct of its agent or agents.

5. Plaintiff's damages, if any, were not proximately caused by Paychex.

6. Plaintiff's claims are barred to the extent they seek double recovery for the same loss.

7. Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

PAYCHEX, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor
Robert K. Taylor (#6514)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
rkt@psh.com
cpm@psh.com

DATED: February 28, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing PAYCHEX, INC.'S ANSWER TO COMPLAINT was electronically filed on the 28th day of February, 2008 with the Clerk of the United States District Court for the District of Rhode Island and is available for viewing and downloading to the following registered counsel of record:

Daniel V. McKinnon, Esq. / McKinnon Harwood
contact@mckinnonharwood.com

Jeffrey S. Brenner, Esq. / Nixon Peabody
jbrenner@nixonpeabody.com

/s/ Robert K. Taylor

970027_1/4035-3