**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| OPHTHALMIC SURGEONS, LTD. | : | |
| | : | |
| VS. | : | CA NO. 07-413-ML |
| | : | |
| PAYCHEX, INC. AND CHASE BANK, USA, NA f/k/a BANK ONE | : | |

**MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO PLAINTIFF, OPHTHALMIC SURGEONS, LTD.'S FIRST SET OF INTERROGATORIES PROPOUNDED UPON DEFENDANT, PAYCHEX, INC.**

**INTERROGATORY 1:** Please identify the person answering these interrogatories on behalf of Defendant Paychex, Inc. As to said person, please provide:

(a) His/her name;

(b) His/her present corporate position;

(c) His/her past corporate position;

(d) The number of years employed by Defendant, Paychex, Inc.

**ANSWER 1:** Sandra Dzikiewicz, Branch Manager, Providence.

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff fails to answer subsection (c) indicating if any past corporate position was held. If none, the answer should be provided. Plaintiff also fails to address subsection (d) which requests the number of years employed by the Defendant, Paychex, Inc. The Plaintiff is entitled to this information and the court should so order.

**INTERROGATORY 2:** In providing that payroll service as reflected in Exhibit A of Plaintiffs' Complaint, please set forth with specificity each and every thing Defendant Paychex, Inc. does to try to prevent its customers from being defrauded and/or subject to employee dishonesty.

**ANSWER 2:** Paychex objects to this request on the grounds that "each and every thing Defendant Paychex, Inc. does to try to prevent its customers from being defrauded" is irrelevant to whether Paychex agreed in the 1994 contract to audit or otherwise verify payroll requests submitted by the authorized agent of its customer, Carleen Conner.

Without waiving this objection, Paychex states that it is not obligated to, and does not "try to prevent its customers" from being defrauded. Notwithstanding the foregoing, Paychex submits reports and other documents to clients on a regular basis so that the client can verify that the payroll is correct. These documents include checks and payroll journals which are provided to the client prior to the check date (i.e., prior to the client handing out the checks to the

employees). Furthermore, invoices to clients indicate how many paychecks were issued per pay period because Paychex charges per check. Paychex also provides yearly reports, quarterly reports, and W-2 earning statements. In addition, Paychex requires each client to designate at least one "payroll contact" to work with Paychex. Paychex does not require a particular person to serve as the payroll contact, nor does it require that the individual hold a certain position at that company. Rather, it is in the client's sole discretion to designate an appropriate contact. In turn, Paychex is only authorized to process payroll and any other related services with the client's designated payroll contact(s).

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff moves to strike Paychex's objection as the same is without merit. The Defendant, Paychex, does not have the right to object on the grounds of relevancy. Paychex does not have the right to object based upon its interpretation of what the contract obligations are. Plaintiff moves to strike said objection as the imposition of that objection allows the Defendant the opportunity not to further answer or to answer fully. If Defendant's answer is complete and accurate, the Defendant should so state.

In addition, the answer which Paychex provided is non-responsive. Plaintiff did not ask if Paychex believes it is obligated to do anything. The Plaintiff is entitled to this information and the court should so order.

**INTERROGATORY 3:** In providing that payroll service as reflect in Exhibit A of Plaintiffs' Complaint, please set forth with specificity each and every thing Defendant Paychex, Inc. does to insure that the proper payroll for its customer is being processed.

**ANSWER 3:** Paychex objects to this request on the grounds that it unduly burdensome to describe "with specificity" every thing that Paychex does to provide quality payroll processing services to its customers. Paychex further objects on the grounds that the interrogatory calls for information that is irrelevant to whether Paychex agreed in the 1994 contract to audit or otherwise verify payroll requests submitted by the authorized agent of its customer, Carleen Conner.

Without waiving this objection, Paychex states that it submits reports and other documents to clients on a regular basis so that the client can verify that the payroll is correct. These documents include checks and payroll journals which are provided to the client prior to the check date (i.e., prior to the client handing out the checks to the employees). Furthermore, invoices to clients indicate how many paychecks were issued per pay period because Paychex charges per check. Paychex also provides yearly reports, quarterly reports, and W-2 Earnings statements. In addition, Paychex requires each client to designate at least one "payroll contact" to work with Paychex. Paychex does not require a particular person to serve as the payroll contact, nor does it require that the individual hold a certain position at the company. Rather, it is in the client's sole discretion to designate an appropriate contact. In turn, Paychex is only authorized to process payroll and any other related services with the client's designated payroll contact(s).

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff moves to strike Defendant's objection as it is not "unduly burdensome" to describe what Defendant does to insure a "proper payroll" for its customers is being processed. Plaintiff further states it does not evidence of "quality payroll processing" as Defendant alleges in its response. Plaintiff also asserts that the Defendant cannot object based upon its opinion that the requested materials are irrelevant. Plaintiff moves to strike Defendant's objection as without doing so Defendant would be under no continuing obligation to answer more fully. The Plaintiff is entitled to this information and the court should so order.

**INTERROGATORY 4:** Please state with specificity:

(a) The date the business relationship began between Defendant Paychex, Inc. and the Plaintiffs;

(b) The date when Defendant Paychex, Inc. first began to pay to Carleen Conner more than fifty-two (52) weekly paychecks in any given calendar year;

(c) If Paychex, Inc.'s internal records reflect the fact that in calendar year 2000 Paychex, Inc. issued eighty-three (83) weekly paychecks to Carleen Conner;

(d) If Paychex, Inc.'s internal records reflect the fact that in calendar year 2001 Paychex, Inc. issued eighty-one (81) weekly paychecks to Carleen Conner;

(e) If Paychex, Inc.'s internal records reflect the fact that in calendar year 2002 Paychex, Inc. issued ninety-one (91) weekly paychecks to Carleen Conner;

(f) If Paychex, Inc.'s internal records reflect the fact that in calendar year 2003 Paychex, Inc. issued ninety-nine (99) weekly paychecks to Carleen Conner;

(g) If Paychex, Inc.'s internal records reflect the fact that in calendar year 2004 Paychex, Inc. issued one hundred and nine (109) weekly paychecks to Carleen Conner;

(h) If Paychex, Inc.'s internal records reflect the fact that in calendar year 2005 Paychex, Inc. issued one hundred and twelve (102) weekly paychecks to Carleen Conner;

(i) If Paychex, Inc.'s internal records reflect the fact that in calendar year 2006 Paychex, Inc. issued one hundred and nineteen (119) weekly paychecks to Carleen Conner.

**ANSWER 4:** Paychex objects to this interrogatory on the grounds that the phrase "weekly paychecks" is inaccurate and misleading. Paychex further objects to the extent that the interrogatory calls for information prior to 2000, on the grounds that the relevant time period in the complaint is 2000-2006.

Without waiving this objection, Paychex states that:

(a) Upon information and belief, OSL's first check date with Paychex was January 1, 1989.

(b) Paychex can not determine with specificity what year Plaintiff first directed that Carleen Conner receive more than 52 checks. Due to regular document retention schedules, Paychex is unable to determine how many paychecks Conner received per year prior to 2001.

(c)-(i) Paychex "internal records," which were also reported on multiple reports submitted to Plaintiff, reflect that Plaintiff directed the issuance of the following numbers of checks to Carleen Conner: 77 in 2001, 92 in 2002, 101 in 2003, 109 in 2004, 102 in 2005, and 119 in 2006. Due to regular document retention schedules, Paychex cannot determine with certainty the number of checks that Carleen Conner received in the year 2000. Paychex reserves the right to supplement this response as discovery proceeds.

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff asserts that Defendant cannot hide behind a semantical argument that "weekly paychecks" is inaccurate and misleading. To the extent that Defendant believes it is inaccurate or misleading, it should set forth the reasons for the same. Defendant Paychex knows or should know that in its relationship with Plaintiff prior to the year 2000 it issued 52 weekly paychecks to all parties. Plaintiff further moves to strike Paychex's objection on the grounds that it considers irrelevant the timeframe in which the question is posed. Defendant does not have the right to object based upon relevancy. Plaintiff requests the objection to be stricken, as without the same Defendant does not have an obligation to accurately respond or to respond to further information as provided. The Plaintiff is entitled to this information and the court should so order.

**INTERROGATORY 5:** Please identify each calendar year in which Defendant Paychex, Inc. paid to Carleen Conner more than fifty-two (52) weekly paychecks and as to each such year please set forth:

(a) The number of weekly paychecks issued to Carleen Conner;

(b) The amount of each weekly paycheck issued to Carleen Conner;

(c) The number of paychecks issued to Carleen Conner each time Paychex, Inc. in fact issued paychecks to Carleen Conner.

**ANSWER 5:** Paychex objects to this interrogatory on the grounds that the phrase "weekly paychecks" is inaccurate and misleading. Without waiving this objection, Paychex states that the information requested is as readily available to Plaintiff in the payroll reports and other documents to be produced for inspection as it is to Paychex.

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff moves to strike Defendant Paychex's objection predicated upon its suggestion that the phrase

"weekly paychecks" is inaccurate and misleading. Plaintiff asserts in interrogatory 4(b) Defendant acknowledges that a point in time it paid Carleen Conner 52 paychecks. Plaintiff further asserts that the Defendant cannot avoid answering this question by referring Plaintiff back to its own records. Defendant does not have the capacity to determine what is "readily available to Plaintiff." The Plaintiff is entitled to this information and the court should so order.

**INTERROGATORY 6:** In providing that payroll services as reflected in Exhibit A of Plaintiff's Complaint, please indicate if during that period of time from calendar year 1999 up to and including calendar year 2006 if Defendant Paychex, Inc. had in place any policy or procedure which it utilized to contact its customers if anything unusual, suspicious, out of the ordinary or otherwise classified as inconsistent activity occurred with a customer's account. If the answer to that question is in the affirmative, please set forth in detail the mechanisms employed. If the same are reduced to writing, please identify the same and if you would please produce a copy without the further requirement of a request for production of documents.

**ANSWER 6:** Paychex objects to this interrogatory on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The phrase "usual, suspicious, out of the ordinary or otherwise classified as inconsistent activity" is undefined. Furthermore, policies and procedures regarding "out of the ordinary" activity, if any, are irrelevant to whether the 1994 contract obligated Paychex to audit or otherwise verify the payroll submitted by Plaintiff's authorized employee contact. Paychex further objects on the grounds that the Plaintiff's blanket request for information after 1994 is not reasonably calculated to lead to the discovery of admissible evidence regarding the obligations created by the parties' 1994 contract.

Without waiving this objection, Paychex states that after reasonable inquiry, it has not identified any such policy or procedure.

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff moves to strike Defendant Paychex's objection on the grounds that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence. Defendant cannot make those conclusions and predicate its objection on the same. Plaintiff asserts the question is simple, direct and straight forward. The Defendant cannot hide behind semantical arguments when it claims that the phrase "unusual, suspicious, out of the ordinary or otherwise classified as inconsistent activities" is undefined. Those words carry normal and usual meanings and the Defendant should be required to answer those to the best of its ability using the normal and ordinary meanings associated with those words. Plaintiff further asserts that Defendant cannot object based upon relevancy. The information requested is fair and reasonable and Plaintiff is entitled to the same. Plaintiff further offers that the Defendant cannot object because it concludes it is not reasonably calculated to lead to the discovery of admissible evidence **regarding the obligations created by the parties 1994 contract** (emphasis added). That is a question of law, it is not

grounds for an objection. Plaintiff moves to strike this objection, as without doing so Defendant would not be required to file more responsive pleadings if it was able to identify any such policy or procedure in the future. The Plaintiff is entitled to this information and the court should so order.

**INTERROGATORY 8:** If you claim that Plaintiffs failed to exercise adequate oversight of its employees [please see your attorney's letter dated April 26, 2007], please set forth in detail every document, communication, memorandum, e-mail, etc., which you provided to Plaintiffs which advised Plaintiffs of his/its duties and responsibilities under the contract were expanded beyond that set forth in paragraph 3 of Exhibit A of Plaintiffs' Complaint.

**ANSWER 8:** Paychex objects to this interrogatory on the grounds that it is vague, overly broad, unduly burdensome, and calls for legal conclusions. Without waiving this objection, Paychex states that after reasonable inquiry, it is not aware of any responsive documents.

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff moves to strike the objection, as the same is without merit. If the objection is not stricken, Defendant would have no obligation to more responsively answer if additional information was acquired. The Plaintiff is entitled to this information and the court should so order.

**INTERROGATORY 9:** Please set forth in detail all facts you intend to rely upon in support of your position that Paychex, Inc.'s exclusive obligation to Plaintiffs was to follow the directions of Carleen Conner [a/k/a payroll contact] in the issuance of paychecks to Carleen Conner regardless of the number of paychecks directed to be issued by her to herself. [Please see your attorney's letters dated April 26, 2007 and May 10, 2007.]

**ANSWER 9:** Paychex objects to this interrogatory on the grounds that it is vague, overly broad, unduly burdensome, argumentative, and calls for legal conclusions. As written, the interrogatory calls for a narrative of every fact potentially relevant to the defense of this case.

Without waiving this objection, Paychex states that it intends to rely on the 1994 and 1996 contracts, the terms of which speak for themselves, and the course of dealing between the parties reflected in the payroll reports and other documents to be produced in response to Plaintiff's request for production, among other things.

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff moves to strike Defendant's objection on the grounds that it is vague, overly broad, burdensome, argumentative and calls for legal conclusions, as the same is without merit. Plaintiff simply asks for all facts the Defendant intends to rely upon. This is a standard question and the imposition of Defendant's objection is totally without merit. Plaintiff further states that the Defendant cannot simply refer Plaintiff to the 1994 and 1996 contract and to "documents" to be produced at some time in the future. The Plaintiff is entitled to this information and the court should so order.

**INTERROGATORY 12:** Please set forth in detail the total sum of money you charged the Plaintiffs and received from the Plaintiffs for the performance of your services in each of the following calendar years, specifically: 1999; 2000; 2001; 2002; 2003; 2004; 2005; 2006; and as to each sum charged, please identify the amount of money received by the Defendant Paychex, Inc. in each calendar year as a result of payments made under paragraph 6 of Exhibit A of Plaintiffs' Complaint.

**ANSWER 12:** Paychex objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The amount charged by Paychex is relevant only to Plaintiff's punitive damages claim, which has been dismissed.

**MORE RESPONSIVE ANSWER SOUGHT:** Defendant's objection predicated upon the fact that the question only addresses Plaintiff's punitive damages claim is incorrect. It has other potential information which would be pertinent to the jury, to include the showing of motive and opportunity. Plaintiff further moves to strike the objection, as it is not overly broad, unduly burdensome and the fact that Defendant thinks it does not lead to admissible evidence is irrelevant and an inappropriate objection. In addition, Defendant cannot simply suggest that the information is readily available to the Plaintiff from its invoices. Plaintiff is entitled to have Defendant answer this interrogatory under oath and the court should so order.

**INTERROGATORY 13:** Please identify for calendar years 1989, 1990, 1991, 1992, 1993, 1994, 1995, 1996, 1997, 1998 and 1999 the number of weekly paychecks issued to Carleen Conner, being sure to indicate the number of checks for each segregated year.

**ANSWER 13:** Paychex objects to this interrogatory on the grounds that the phrase "weekly paychecks" is inaccurate and misleading. Paychex further objects on the grounds that the relevant time period in the complaint is 2000-2006.

Without waiving said objection, Paychex states that, due to regular document retention policies, Paychex does not have records of Plaintiff's payroll prior to 2000.

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff moves to strike Paychex's objection to this interrogatory on the grounds that the phrase "weekly paychecks" is inaccurate and misleading. Plaintiff further moves to strike the objection predicated upon relevancy, as that is an inappropriate objection to be interposed by the Defendant. Without moving to strike said objection, if additional information became available, Defendant would not be under an obligation to provide the same. The material requested is pertinent as it would demonstrate the standard of practice utilized by Defendant prior to the calendar year 2000 and would further evidence why Defendant was negligent in the performance of its contractual duties after 2000. Defendant further alleges Carleen Conner had authority to order the additional checks starting in calendar year 2000. This evidence will demonstrate that no such authority existed. The Plaintiff is entitled to this information and the court should so order.

**INTERROGATORY 14:** For each calendar year, commencing in 1995 up to and including 2006, please set forth with specificity for each year the following:

(a) The date(s) that Defendant Paychex, Inc. issued any payroll checks to Carleen Conner;

(b) The number of payroll checks issued on each date(s) provided above in subsection (a);

(c) The total number of weekly payroll checks issued to Carleen Conner.

**ANSWER 14:** Paychex objects to this interrogatory on the grounds that the phrase "weekly paychecks" is inaccurate and misleading. Paychex further objects on the grounds that the relevant time period in the complaint is 2000-2006.

Without waiving this objection, Paychex states that the information requested for 2000-2006 is as readily available to Plaintiff from the payroll reports to be produced for inspection as it is to Paychex, and it is unduly burdensome to require Paychex to restate the same information herein.

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff moves to strike Paychex's objection to this interrogatory on the grounds that the phrase "weekly paychecks" is inaccurate and misleading. Plaintiff further moves to strike the objection predicated upon relevancy, as that is an inappropriate objection to be interposed by the Defendant. Without moving to strike said objection, if that additional information became available, Defendant would not be under an obligation to provide the same. Defendant cannot avoid answering this question by simply referring Plaintiff to records that Plaintiff may or may not possess. The Plaintiff is entitled to this information and the court should so order.

**INTERROGATORY 15:** Please identify by name and title of position each person who worked on Plaintiffs' account from the years 1999 through 2006 inclusive and as to each such person, please be sure to provide the following:

(a) Their educational background;

(b) Their job description;

(c) Precisely what they did on the Plaintiffs' account;

(d) All training provided to them by the Defendant to prepare them to perform the services above described.

**ANSWER 15:** Paychex objects to this interrogatory on the grounds that employee educational background is irrelevant, because there is no claim of negligent supervision or hiring of any Paychex employee. As to training, the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Paychex further objects on the grounds that the relevant time period in the complaint is 2000-2006.

Without waiving this objection, see response to Interrogatory No. 10.

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff moves to strike Defendant's objection as the issue of relevancy is not an appropriate predicate upon which an objection can be posed. Plaintiff further asserts that the question is not overly broad, unduly burdensome and the fact that Defendant believes it will not lead to discoverable, admissible evidence is not a predicate upon which an objection can be posed. Said objection needs to be stricken because without the same if additional is acquired Defendant would not be under an obligation to provide the same. Further, Defendant's reference to interrogatory number 10 does not answer the question.

The relevancy behind this issue deals with the competency of Paychex's employees. The Plaintiff is entitled to this information and the court should so order.

**INTERROGATORY 17:** Please set forth all facts which you intend to rely upon to support your affirmative defenses, being sure to identify which facts apply to which specific affirmative defense.

**ANSWER 17:** Paychex objects to this interrogatory on the grounds that it is unduly burdensome and probably impossible to provide a narrative including "all facts" on which it intends to rely in support of its affirmative defenses. Paychex further objects on the grounds that it has not yet had the opportunity to conduct discovery, which may disclose additional facts relating to Paychex's affirmative defenses.

Without waiving this objection, Paychex states that as to the numbered affirmative defenses below the following significant facts are known at this time:

1. *Paychex reasonably relied on OSL's authorized representative for direction regarding OSL's payroll.* As a corporation, OSL was required to act through its agents. At all relevant times, OSL held out Carleen Conner as its authorized agent for purposes of directing Paychex to make payroll payments, and upon information and belief, Paychex only took direction through Conner as the designated representative. Paychex reasonably relied on the direction given by OSL's representative in light of the fact that OSL and its principals (and, presumably, their auditors, accountants and/or tax preparers) received multiple reports over at least a seven year period detailing the payroll payments directed by Carleen Conner, and OSL never question those payments. *See* Answer to Interrogatory No. 2.

2. *Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or the doctrine of laches.* OSL and its principals (and, presumably, their auditors, accountants and/or tax preparers) received

multiple reports over at least a seven year period detailing the payroll payments directed by Carleen Conner, and OSL never questioned those payments. *See* Answer to Interrogatory No. 2.

3. *OSL failed to mitigate its damages.* OSL and its principals (and presumably, their auditors, accountants and/or tax preparers) received multiple reports over at least a seven year period detailing the payroll payments directed by Carleen Conner, and OSL never questioned those payments. *See* Answer to Interrogatory No. 2.

4. *Plaintiff's claims are barred in whole or in part by the culpable conduct of its agents or agents.* At all relevant times, OSL held out Carleen Conner as its authorized agent for purposes of directing Paychex to make payroll payments, and upon information and belief, Paychex only took direction through Conner as the designated representative. Paychex reasonably relied on the direction given by OSL's representative in light of the fact that OSL and its principals (and, presumably, their auditors, accountants and/or tax preparers) received multiple reports over at least a seven year period detailing the payroll payments directed by Carleen Conner, and OSL never questioned those payments. *See* Answer to Interrogatory No. 2. On information and belief, OSL has asserted in other litigation that Conner's actions were fraudulent or criminal.

5. *Plaintiff's damages, if any, were not proximately caused by Paychex.* At all relevant tmies, OSL held out Carleen Conner as its authorized agent for purposes of directing Paychex to make payroll payments, and upon information and belief, Paychex only took direction through Conner as the designated representative. Paychex reasonably relied on the direction given by OSL's representative in light of the fact that OSL and its principals (and, presumably, their auditors, accountants and/or tax preparers) received multiple reports over at least a seven year period detailing the payroll payments directed by Carleen Conner, and OSL never questioned those payments. *See* Answer to Interrogatory No. 2.

6. *Plaintiff's claims are barred to the extent they seek double recovery for the same loss.* Upon information and belief, OSL has asserted in other litigation that Conner's actions were fraudulent or criminal, and that Conner is liable for the loss.

7. *Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.* At all relevant times, OSL held out Carleen Conner as its authorized agent for purposes of directing Paychex to make payroll payments, and upon information and belief, Paychex only took direction through Conner as the designated representative. Paychex reasonably relied on the direction given by OSL's representative in light of the fact that OSL and its principals (and presumably, their auditors, accountants and/or tax

preparers) received multiple reports over at least a seven year period detailing the payroll payments directed by Carleen Conner, and OSL never questioned those payments. *See* Answer to Interrogatory No. 2. On information and belief, OSL has asserted in other litigation that Conner's actions were fraudulent or criminal.

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff moves to strike Paychex's objection as the same is not unduly burdensome and is a normal and standard question interposed in interrogatories. Paychex's objection that it has not yet filed discovery is irrelevant, as its affirmative defenses should be predicated upon knowledge it has, not knowledge it hopes to acquire. Plaintiff moves to strike the objection, as without the same if additional information is acquired by the Defendant it will have no obligation to provide the same.

Plaintiff,
By and through its attorney,

/S/ Daniel V. McKinnon

Daniel V. McKinnon (#0669)
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861
(401) 723-9655

**CERTIFICATION**

I certify that a copy of this document was electronically filed with the Clerk of the United States District Court for the District of Rhode Island and is available for viewing and downloading to the following registered counsel of record: Robert K. Taylor, Esq., Carolyn P. Medina, Esq., Partridge, Snow & Hahn, LLP, 180 South Main Street, Providence, RI 02903 on the 17th day of April 2008.

/S/ Daniel V. McKinnon