**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| OPHTHALMIC SURGEONS, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>PAYCHEX, INC. and CHASE BANK, USA, NA f/k/a BANK ONE,<br><br>Defendants. | C.A. No. 07-413-ML |

**DEFENDANT PAYCHEX, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Paychex, Inc., through counsel, submits the following memorandum in opposition to Plaintiff Ophthalmic Surgeons, Ltd.'s ("OSL") motion to compel more responsive answers to OSL's first set of requests for production.

As an initial matter, OSL's motion should be denied for failure to comply with Fed. R. Civ. P. 37(a)(1) (motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"). OSL's motion does not include the required certification. Paychex is not aware that any effort to confer was made.

Paychex further responds to OSL's motion to compel as set forth below:

*Request 1*. Fed. R. Civ. P. 34 provides that requests for production must be "within the scope of Rule 26(b)." Fed. R. Civ. P. 26(b) allows discovery of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Therefore, Paychex' objection on the ground that the information sought

is not so calculated is permissible. Paychex' production of documents fairly responds to the substance of the request. There is no legal basis for striking its objections. A confidentiality order is appropriate to protect against unwarranted disclosures of Paychex' valuable and proprietary confidential commercial information.

*Request 2*. Fed. R. Civ. P. 34 provides that requests for production must be "within the scope of Rule 26(b)." Fed. R. Civ. P. 26(b) allows discovery of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Therefore, Paychex' objection on the ground that the information sought is not so calculated is permissible. Furthermore, Fed. R. Civ. P. 26(b)(2) and 26(c) recognize that discovery may be limited if it is unduly burdensome, taking into account its likely benefit and other factors. There is no legal basis for striking Paychex' objections.

*Request 3*. Fed. R. Civ. P. 34 provides that requests for production must be "within the scope of Rule 26(b)." Fed. R. Civ. P. 26(b) allows discovery of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Therefore, Paychex' objection on the ground that the information sought is not so calculated is permissible. Furthermore, Fed. R. Civ. P. 26(b)(2) and 26(c) recognize that discovery may be limited if it is unduly burdensome, taking into account its likely benefit and other factors. Paychex' production of documents fairly responds to the substance of the request. There is no legal basis for striking its objections. A confidentiality order is appropriate to protect against unwarranted disclosures of Paychex' valuable and proprietary confidential commercial information and confidential personal wage, salary and tax information relating to OSL's employees.

*Request 4*. Fed. R. Civ. P. 34 provides that requests for production must be "within the scope of Rule 26(b)." Fed. R. Civ. P. 26(b) allows discovery of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Therefore, Paychex' objection on the ground that the information sought is not so calculated is permissible. Furthermore, Fed. R. Civ. P. 26(b)(2) and 26(c) recognize that discovery may be limited if it is unduly burdensome, taking into account its likely benefit and other factors. There is no legal basis for striking Paychex' objections. Paychex is producing documents that may be relevant to this case in response to Requests 3, 11, 12 and 16.

*Request 5*. Fed. R. Civ. P. 34 provides that requests for production must be "within the scope of Rule 26(b)." Fed. R. Civ. P. 26(b) allows discovery of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Therefore, Paychex' objection on the ground that the information sought is not so calculated is permissible. Furthermore, Fed. R. Civ. P. 26(b)(2) and 26(c) recognize that discovery may be limited if it is unduly burdensome, taking into account its likely benefit and other factors. Paychex' answer fairly responds to the substance of the request. There is no legal basis for striking its objections.

*Request 6*. Fed. R. Civ. P. 34 provides that requests for production must be "within the scope of Rule 26(b)." Fed. R. Civ. P. 26(b) allows discovery of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Therefore, Paychex' objection on the ground that the information sought is not so calculated is permissible. Furthermore, Fed. R. Civ. P. 26(b)(2) and 26(c) recognize that discovery may be limited if it is unduly burdensome, taking into account its likely benefit

and other factors. Paychex' answer fairly responds to the substance of the request. There is no legal basis for striking its objections.

*Request 7*. Fed. R. Civ. P. 34 provides that requests for production must be "within the scope of Rule 26(b)." Fed. R. Civ. P. 26(b) allows discovery of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Therefore, Paychex' objection on the ground that the information sought is not so calculated is permissible. Furthermore, Fed. R. Civ. P. 26(b)(2) and 26(c) recognize that discovery may be limited if it is unduly burdensome, taking into account its likely benefit and other factors. Paychex' answer fairly responds to the substance of the request. There is no legal basis for striking its objections.

*Request 8*. Fed. R. Civ. P. 34 provides that requests for production must be "within the scope of Rule 26(b)." Fed. R. Civ. P. 26(b) allows discovery of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Therefore, Paychex' objection on the ground that the information sought is not so calculated is permissible. Furthermore, Fed. R. Civ. P. 26(b)(2) and 26(c) recognize that discovery may be limited if it is unduly burdensome, taking into account its likely benefit and other factors. Paychex' answer fairly responds to the substance of the request. There is no legal basis for striking its objections.

*Request 10*. Fed. R. Civ. P. 34 provides that requests for production must be "within the scope of Rule 26(b)." Fed. R. Civ. P. 26(b) allows discovery of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Therefore, Paychex' objection on the ground that the information sought is not so calculated is permissible. Furthermore, Fed. R. Civ. P. 26(b)(2) and 26(c) recognize

that discovery may be limited if it is unduly burdensome, taking into account its likely benefit and other factors.

Even if OSL's request is narrowed to call for copies of Paychex' regional and national advertising, it is still overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Advertising materials are not relevant to whether the written 1994 contract between Paychex and OSL obligated Paychex to question the payroll instructions given by OSL's authorized representative, which were reported to OSL in multiple reports and which OSL itself did not question for at least seven years. Furthermore, documents in the hands of Paychex' outside advertising agencies are not within Paychex "possession, custody or control," as required by Fed. R. Civ. P. 34. *See, e.g., International Trade Comm'n v. ASAT, Inc.*, 411 F.3d 245, 254 (D.C. Cir. 2005) (control means the legal right, authority or ability to obtain documents on demand).

*Request 11*. A confidentiality order is appropriate to protect against unwarranted disclosures of Paychex' valuable and proprietary confidential commercial information and confidential personal wage, salary and tax information relating to OSL's employees. To the extent that a review of Paychex' records discloses privileged documents that are responsive to this request, Paychex will supply a privilege log.

*Request 12*. A confidentiality order is appropriate to protect against unwarranted disclosures of Paychex' valuable and proprietary confidential commercial information and confidential personal wage, salary and tax information relating to OSL's employees. To the extent that a review of Paychex' records discloses privileged documents that are responsive to this request, Paychex will supply a privilege log.

*Request 13*. Fed. R. Civ. P. 34 provides that requests for production must be "within the scope of Rule 26(b)." Fed. R. Civ. P. 26(b) allows discovery of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Therefore, Paychex' objection on the ground that the information sought is not so calculated is permissible. Furthermore, Fed. R. Civ. P. 26(b)(2) and 26(c) recognize that discovery may be limited if it is unduly burdensome, taking into account its likely benefit and other factors. OSL's request for documents relating to contracts other than the 1994 contract that is the basis of OSL's complaint is not reasonably calculated to lead to the discovery of admissible evidence. There is no legal basis for striking Paychex' objections.

*Request 14*. Fed. R. Civ. P. 34 provides that requests for production must be "within the scope of Rule 26(b)." Fed. R. Civ. P. 26(b) allows discovery of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Therefore, Paychex' objection on the ground that the information sought is not so calculated is permissible. There is no legal basis for striking Paychex' objections.

*Request 15*. Fed. R. Civ. P. 34 provides that requests for production must be "within the scope of Rule 26(b)." Fed. R. Civ. P. 26(b) allows discovery of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Therefore, Paychex' objection on the ground that the information sought is not so calculated is permissible. There is no legal basis for striking Paychex' objections.

*Request 16*. A confidentiality order is appropriate to protect against unwarranted disclosures of Paychex' valuable and proprietary confidential commercial information and confidential personal wage, salary and tax information relating to OSL's employees.

PAYCHEX, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor

Robert K. Taylor (#6514)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
rkt@psh.com
cpm@psh.com

DATED: April 30, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2008 a copy of the foregoing DEFENDANT PAYCHEX, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS was filed with the Clerk of the United States District Court for the District of Rhode Island and is available for downloading and viewing to the following counsel of record:

Daniel V. McKinnon / McKinnon & Harwood
contact@mckinnonharwood.com

Jeffrey S. Brenner / Nixon Peabody LLP
jbrenner@nixonpeabody.com

/s/ Robert K. Taylor

981564_1/4035-3