# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| OPHTHALMIC SURGEONS, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>PAYCHEX, INC. and CHASE BANK, USA, NA f/k/a BANK ONE,<br><br>Defendants. | C.A. No. 07-413-ML |

**DEFENDANT PAYCHEX, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL MORE RESPONSIVE INTERROGATORY ANSWERS**

Defendant Paychex, Inc., through counsel, submits the following memorandum in opposition to Plaintiff Ophthalmic Surgeons, Ltd.'s ("OSL") motion to compel more responsive answers to OSL's first set of interrogatories.

As an initial matter, OSL's motion should be denied for failure to comply with Fed. R. Civ. P. 37(a)(1) (motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"). OSL's motion does not include the required certification. Paychex is not aware that any effort to confer was made.

Paychex further responds to OSL's motion to compel as set forth below:

*Interrogatory 1*. Paychex has no objection providing the requested information.

*Interrogatory 2*. Fed. R. Civ. P. 26(b) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Therefore, Paychex' relevance objection is permissible. Furthermore, Paychex has no obligation to accept or agree with mistaken assumptions or inaccurate and misleading characterizations in interrogatory

questions. Paychex' answer fairly responds to the substance of the interrogatory. There is no legal basis for striking its objections.

*Interrogatory 3.* Fed. R. Civ. P. 26(b) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Therefore, Paychex' relevance objection is permissible. Fed. R. Civ. P. 26(b)(2) and 26(c) recognize that discovery may be limited if it is unduly burdensome, taking into account its likely benefit and other factors. Paychex' answer fairly responds to the substance of the interrogatory. There is no legal basis for striking its objections.

*Interrogatory 4.* Fed. R. Civ. P. 26(b) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Therefore, Paychex' relevance objection is permissible. Furthermore, Paychex has no obligation to accept or agree with mistaken assumptions or inaccurate and misleading characterizations in interrogatory questions. Paychex' answer fairly responds to the substance of the interrogatory. There is no legal basis for striking its objections.

*Interrogatory 5.* Fed. R. Civ. P. 33(d) provides that if the answer to an interrogatory may be determined by examining business records, and the burden of ascertaining the answer is substantially the same for either party, a party has the option to produce business records. The burden of compiling the information requested in this interrogatory by reviewing the payroll reports and other documents regularly submitted to OSL over the relevant period is substantially the same for either Paychex or OSL; therefore, Paychex may properly refer OSL to those records. Furthermore, Paychex has no obligation to accept or agree with mistaken assumptions or inaccurate and misleading characterizations in interrogatory questions such as OSL's reference to "weekly paychecks."

OSL's statement that "in interrogatory 4(b) Defendant acknowledges that [at] a point in time it paid Carleen Conner 52 paychecks" is not true. As Paychex stated in its answer to the interrogatory, it is unable to determine how many checks Conner received per year prior to 2001.

*Interrogatory 6.* Fed. R. Civ. P. 26(b) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Therefore, Paychex' relevance objection is permissible. Fed. R. Civ. P. 26(b)(2) and 26(c) recognize that discovery may be limited if it is unduly burdensome, taking into account its likely benefit and other factors. Paychex' answer fairly responds to the substance of the interrogatory. There is no legal basis for striking its objections.

*Interrogatory 8.* Paychex' answer fairly responds to the substance of the interrogatory. There is no legal basis for striking its objections.

*Interrogatory 9.* Fed. R. Civ. P. 26(b)(2) and 26(c) recognize that discovery may be limited if it is unduly burdensome, taking into account its likely benefit and other factors. Paychex' answer fairly responds to the substance of the interrogatory. There is no legal basis for striking its objections.

*Interrogatory 12.* Fed. R. Civ. P. 26(b) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Therefore, Paychex' relevance objection is permissible. A "showing of motive and opportunity" is not relevant to a breach of contract claim, as OSL would suggest. Furthermore, Fed. R. Civ. P. 33(d) provides that if the answer to an interrogatory may be determined by examining business records, and the burden of ascertaining the answer is substantially the same for either party, a party has the option to produce business records. The burden of compiling the information requested in this

interrogatory by reviewing the invoices and other documents regularly submitted to OSL over the relevant period is substantially the same for either Paychex or OSL; therefore, Paychex may properly refer OSL to those records.

*Interrogatory 13.* Fed. R. Civ. P. 26(b) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Therefore, Paychex' relevance objection is permissible. Furthermore, Paychex has no obligation to accept or agree with mistaken assumptions or inaccurate and misleading characterizations in interrogatory questions such as OSL's reference to "weekly paychecks." Paychex' answer fairly responds to the substance of the interrogatory. There is no legal basis for striking its objections.

*Interrogatory 14.* Fed. R. Civ. P. 33(d) provides that if the answer to an interrogatory may be determined by examining business records, and the burden of ascertaining the answer is substantially the same for either party, a party has the option to produce business records. The burden of compiling the information requested in this interrogatory by reviewing the payroll reports regularly submitted to OSL over the relevant period is substantially the same for either Paychex or OSL; therefore, Paychex may properly refer OSL to those records. Furthermore, Paychex has no obligation to accept or agree with mistaken assumptions or inaccurate and misleading characterizations in interrogatory questions such as OSL's reference to "weekly paychecks." Fed. R. Civ. P. 26(b) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Therefore, Paychex' relevance objection is permissible.

*Interrogatory 15.* Fed. R. Civ. P. 26(b) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Therefore, Paychex' relevance objection is permissible. Fed. R. Civ. P. 26(b)(2) and 26(c) recognize that discovery

may be limited if it is unduly burdensome, taking into account its likely benefit and other factors. The “competency” of a company’s employees is not relevant to breach of contract. Paychex’ answer fairly responds to the substance of the interrogatory. There is no legal basis for striking its objections.

*Interrogatory 17.* Fed. R. Civ. P. 26(b)(2) and 26(c) recognize that discovery may be limited if it is unduly burdensome, taking into account its likely benefit and other factors. Paychex’ answer fairly responds to the substance of the interrogatory. There is no legal basis for striking its objections.

PAYCHEX, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor
Robert K. Taylor (#6514)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
rkt@psh.com
cpm@psh.com

DATED: April 30, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2008 a copy of the foregoing DEFENDANT PAYCHEX, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL MORE RESPONSIVE INTERROGATORY ANSWERS was filed with the Clerk of the United States District Court for the District of Rhode Island and is available for downloading and viewing to the following counsel of record:

Daniel V. McKinnon / McKinnon & Harwood
contact@mckinnonharwood.com

Jeffrey S. Brenner / Nixon Peabody LLP
jbrenner@nixonpeabody.com

/s/ Robert K. Taylor

981325_1/4035-3