**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

OPHTHALMIC SURGEONS, LTD. :
:
VS. : CA NO. 07-413-ML
:
PAYCHEX, INC. AND CHASE BANK, :
USA, NA f/k/a BANK ONE :

**MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO PLAINTIFF, OPHTHALMIC SURGEON, LTD'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON DEFENDANT, PAYCHEX, INC.**

**REQUEST 1:** A true and accurate copy of any and all training materials used by Paychex, Inc. in the training of its personnel in the performance of those job functions represented by Exhibit A of the Plaintiff's Complaint.

**RESPONSE 1:** Paychex objects to this request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "job functions represented by Exhibit A" is vague and undefined, and could be interpreted to call for voluminous materials having nothing to do with any issue in this litigation. Paychex further objects on the grounds that training materials created after 1994 are not reasonably calculated to lead to the discovery of admissible evidence regarding the obligations created by the parties' 1994 contract.

Without waiving this objection, subject to entry of an appropriate confidentiality order by the court, Paychex will produce for inspection and copying training materials for payroll specialists.

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff moves to strike Defendant's objection as the requested material is not vague, overly broad or unduly burdensome. The Defendant cannot object on its belief that it will not lead to the discovery of admissible evidence. The term "job functions" is not vague and the common meaning of the same is well understood. Defendant's objection to the timeframe after 1994 as not reasonably calculated to lead to the discovery of admissible evidence is likewise without merit, as the same is material to Plaintiff's case and is not otherwise grounds upon which an objection can be interposed. Defendant's demand that an appropriate confidentiality order by this court be entered is without merit, as the subject matter does not enjoy the status of confidentiality in law or fact. The Plaintiff is entitled to this material and the court should so rule.

**REQUEST 2:** A true and accurate copy of Defendant Paychex, Inc.'s policy manual whether referred to and identified by that name or any other name.

**RESPONSE 2:** Paychex objects to this request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "policy manual" is vague and undefined, and could be interpreted to call for voluminous materials having nothing to do with any issue in this

litigation. By way of a hypothetical example, a "policy manual" could refer to an internal Paychex document describing company policies for such matters as employee sick leave, or vacation, or smoking on the business premises. Paychex further objects on the grounds that a "policy manual" created after 1994 is not reasonably calculated to lead to the discovery of admissible evidence regarding the obligations created by the parties' 1994 contract.

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff moves to strike Defendant's objection as the requested material is not vague, overly broad or unduly burdensome. The Defendant cannot object on its belief that it will not reasonably lead to discoverable evidence. The term "policy manual" is not vague and the common meaning of the same is well understood. The Defendant's objection to the timeframe after 1994 as not reasonably calculated to lead to discovery of admissible evidence is likewise without merit as the same is material to the Plaintiff's case and is not otherwise grounds upon which an objection can be interposed. The Plaintiff is entitled to this material and the court should so rule.

**REQUEST 3:** A true and accurate copy of any and all internal memorandums, writings, e-mails, manuals, video tapes, audio tapes, CD-ROMs, letters, rules and regulations, policies and procedures, which Defendant Paychex, Inc. has which in any way addresses the subject matter contained in Count I of Plaintiff's Complaint.

**RESPONSE 3:** Paychex objects to the request for "manuals, video tapes, audio tapes, CD-ROMs, letters, rules and regulations, policies and procedures, which... in any way addresses the subject matter contained in Count I" on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "addresses the subject matter contained in Count I" is vague and undefined, and could be interpreted to call for voluminous materials having nothing to do with any issue in this litigation. The request for manuals, rules and regulations, policies and procedures likewise is overly broad; furthermore, to the extent such documents were created after 1994 they are not reasonably calculated to lead to the discovery of admissible evidence regarding the obligations created by the parties' 1994 contract.

Without waiving this objection, upon entry of an appropriate confidentiality order by the court, Paychex will produce all non-privileged documents in its custody or control relating to payments made to Carleen Conner while she was employed by Ophthalmic Surgeons.

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff moves to strike Defendant's objection as the requested material is not vague, overly broad or unduly burdensome. The Defendant cannot object on its belief that it is not reasonably calculated to lead to the discovery of admissible evidence. The term so-called "addresses the subject matter contained in Count I" is not vague, is language commonly used in legal pleadings. Defendant's objection to the timeframe after 1994 as not reasonably calculated to lead to the discovery of admissible evidence is likewise without merit as the same is material to Plaintiff's case and is not otherwise grounds upon which an objection may be interposed. Defendant's demand that an appropriate confidentiality

order by the court be entered is without merit as the same does not enjoy the status of confidentiality in law or fact. The Plaintiff is entitled to this material and the court should so rule.

**REQUEST 4:** A true and accurate copy of any and all internal memorandums, writings, e-mails, manuals, video tapes, audio tapes, CD-ROMs, letters, rules and regulations, policies and procedures, which Defendant Paychex, Inc. has which sets forth what Paychex, Inc. obligations are to its customers who otherwise execute an agreement as set forth in Exhibit A of Plaintiff's Complaint.

**RESPONSE 4:** Paychex objects to this request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request as written calls for voluminous materials having nothing to do with any issue in this litigation. To locate every "writing" which "sets forth what Paychex, Inc. obligations are to its customers" would require a review of thousands upon thousands of customer and employee files, to determine whether any of them contain some document mentioning one or more of the multiple contract provisions in Exhibit A, virtually all of which are completely irrelevant to this lawsuit. Paychex further objects on the grounds that plaintiff's blanket request for writings created after 1994 is not reasonably calculated to lead to the discovery of admissible evidence regarding the obligations created by the parties' 1994 contract.

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff moves to strike the Defendant's objection as the requested material is not vague, overly broad or unduly burdensome. The request does not ask for every writing which sets forth what Paychex, Inc.'s obligations are to its customers. Rather, the request asks for what Paychex's obligations are to its customers **who otherwise execute an agreement as set forth in Exhibit A of Plaintiff's Complaint.** Exhibit A is a simple one page contract, boiler plate in nature, drafted by the Defendant. The request further does not ask for all writing provided to or from customers, but just those writings which are otherwise generated by the Defendant which sets forth Paychex's obligations to its customers who otherwise execute a contract such as Exhibit A. The materials requested are not irrelevant, as the very essence of Plaintiff's Complaint is that Defendant failed to do that which ought to have done and the past practice and current policies of Paychex are material to that issue. Defendant Paychex cannot object on the basis that it believes the material is irrelevant. Defendant's objection to the timeframe after 1994 as not reasonably calculated to lead to the discovery of admissible evidence is likewise without merit, as the same is material to Plaintiff's case and is not otherwise grounds upon which an objection can be interposed. The Plaintiff is entitled to this material and the court should so rule.

**REQUEST 5:** A true and accurate copy of any and all internal memorandums, writings, e-mails, manuals, video tapes, audio tapes, CD-ROMs, letters, rules and regulations, policies and procedures, which Defendant Paychex, Inc. has which in any way assists its employees, agents and servants in the identification of fraudulent conduct on the part of any customer's employees.

**RESPONSE 5:** Paychex objects to this request on the grounds that it is vague, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and implies an obligation which does not exist. The request for every "writing" which "in any way assists its employees, agents and servants in the identification of fraudulent conduct" is impossibly vague and would require a "needle in a haystack" search of voluminous company records. Paychex further objects on the grounds that plaintiff's blanket request for writings created after 1994 is not reasonably calculated to lead to the discovery of admissible evidence regarding the obligations created by the parties' 1994 contract.

Without waiving this objection, Paychex states that it does not have policies or procedures relating to the "identification of fraudulent conduct" by its customers' employees, because Paychex has no obligation to detect or prevent such fraud.

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff moves to strike Defendant's objection as the requested material is not vague, overly broad or unduly burdensome. The Defendant cannot object on its belief that it will not reasonably lead to the discovery of admissible evidence. Plaintiff's request for every "writing" which assists Paychex's employees is not vague and is not equivalent to, as Defendant states, a search for a "needle in a haystack." It goes directly to publications issues by Paychex concerning the subject matter contained in Plaintiff's Complaint and otherwise covered by Exhibit A. Defendant's objection to the timeframe after 1994 as not reasonably calculated to lead to the discovery of admissible evidence is likewise without merit as the same is material to Plaintiff's case and is not otherwise grounds upon which an objection can be interposed. Plaintiff further states that Defendant's conclusionary paragraph seeks to preserve its objection and that must be stricken, as without the same the Defendant would be under no obligation to provide any further information. In addition, the concluding paragraph simply is limited to "policies or procedures." The request is much broader in nature. The Plaintiff is entitled to this material and the court should so rule.

**REQUEST 6:** A true and accurate copy of any and all internal memorandums, writings, e-mails, manuals, video tapes, audio tapes, CD-ROMs, letters, rules and regulations, policies and procedures, which Defendant Paychex, Inc. has which explains to its employees, agents and servants what to do in the instance of suspecting fraudulent activity on the part of a customer's employees.

**RESPONSE 6:** Paychex objects to this request on the grounds that it is vague, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and implies an obligation which does not exist. The request for every "writing" which "explains to its employees, agents and servants what to do in the instance of suspecting fraudulent activity" is impossibly vague and would require a "needle in a haystack" search of voluminous company records. Paychex further objects on the grounds that plaintiff's blanket request for writings created after 1994 is not reasonably calculated to lead to the discovery of admissible evidence regarding the obligations created by the parties' 1994 contract.

Without waiving this objection, Paychex states that it does not have policies or procedures relating to "suspecting fraudulent activity" by its customers' employees, because Paychex has no obligation to detect or prevent such fraud.

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff moves to strike Defendant's objection as the requested material is not vague, overly broad or unduly burdensome. The Defendant cannot object on its belief that it will not reasonably lead to the discovery of admissible evidence. The Defendant's objection that this request is "impossibly vague and would require a 'needle in a haystack' search of voluminous company records" is without merit as Plaintiff simply seeks those documents which have been generated by the Defendant which otherwise involves the Defendant's general practice as it relates to the performance of those services otherwise referenced in Plaintiff's Complaint and Exhibit A. Defendant's objection to the timeframe after 1994 as not reasonably calculated to lead to the discovery of admissible evidence, is likewise without merit as the same is material to the Plaintiff's case and is not otherwise grounds upon which an objection may be interposed. Plaintiff further moves to strike the refusal to "waive the objection" set forth in the last paragraph of Defendant's response, as without the waiver of said objection, Defendant would be under no duty to further provide information. Additionally, said paragraph is limited to "policies or procedures" and the requested material is substantially broader than that. The Plaintiff is entitled to this material and the court should so rule.

**REQUEST 7:** A true and accurate copy of any written policy, procedure, protocol, standard operational procedure or otherwise which Paychex, Inc. uses to explain to its employees how to identify any "out of the ordinary," "unusual," "suspicious," or "inconsistent activity" which occurs in any customers' account.

**RESPONSE 7:** Paychex objects to this request on the grounds that it is vague, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and implies an obligation which does not exist. Policies and procedures explaining how to identify "out of the ordinary" activity, if any, are irrelevant to whether the 1994 contract obligated Paychex to audit the payroll submitted by plaintiff's authorized employee contact. Paychex further objects on the grounds that plaintiff's blanket request for documents created after 1994 is not reasonably calculated to lead to the discovery of admissible evidence regarding the obligations created by the parties' 1994 contract.

Without waiving this objection, Paychex states that it has no documents responsive to this request.

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff moves to strike Defendant's objection to request number 7. If said objection is allowed to stand, Paychex would be under no duty to provide such documents if they are subsequently discovered. The Plaintiff is entitled to this material and the court should so rule.

**REQUEST 8:** A true and accurate copy of any written policy, procedure, protocol, standard operational procedure or otherwise which Paychex, Inc. uses to explain to its employees what procedure to follow if they have identified any "out of the ordinary," "unusual," "suspicious," or "inconsistent activity" which occurs in any customers' account.

**RESPONSE 8:** Paychex objects to this request on the grounds that it is vague, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and implies an obligation which does not exist. Policies and procedures to follow in the event of "out of the ordinary" activity, if any, are irrelevant to whether the 1994 contract obligated Paychex to audit the payroll submitted by plaintiff's authorized employee contact. Paychex further objects on the grounds hat plaintiff's blanket request for documents created after 1994 is not reasonably calculated to lead to the discovery of admissible evidence regarding the obligations created by the parties' 1994 contract.

Without waiving this objection, Paychex states that it has no documents responsive to this request.

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff moves to strike Defendant's objection to request number 8. If said objection is allowed to stand, Paychex would be under no duty to provide such documents if they are subsequently discovered. The Plaintiff is entitled to this material and the court should so rule.

**REQUEST 10:** True and accurate copies of all literature or other forms of publication which Defendant Paychex, Inc. has used from the time its relationship began with the Plaintiff to the present to advertise its services and/or to explain to the public its expertise in the performance of those services reflected in Exhibit A of Plaintiff's Complaint.

**RESPONSE 10:** Paychex objects to this request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Locating "all literature or other forms of publication" that "explain to the public its expertise in the performance of services reflected in Exhibit A" would require a review of thousands upon thousands of customer, employee and corporate files, to determine whether any of them contain some document mentioning one or more of the multiple contract provisions in Exhibit A, virtually all of which are completely irrelevant to this lawsuit. Paychex further objects on the grounds that plaintiff's blanket request for documents created after 1994 as not reasonably calculated to lead to the discovery of admissible evidence regarding the obligations created by the parties' 1994 contract.

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff moves to strike Defendant's objection as the requested material is not vague, overly broad or unduly burdensome. The Defendant cannot object on its belief that the requested materials will not reasonably lead to the discovery of admissible evidence. The Defendant's suggestion that locating all literature or other forms of publication would require the review of thousands upon thousands of customers, employees or corporate files is

without merit as Paychex, Inc. in fact engages in regional and national advertising programs. Paychex's advertising agencies should be able to reasonably obtain that material. Defendant further asserts as a defense that the documents requested may "mention" one or more of the multiple contract provisions in Exhibit A. Plaintiff's request does not address the subsections of Exhibit A. Plaintiff's request addresses all such advertising that Defendant has promulgated to induce customers to engage Paychex to perform those services otherwise referenced in Exhibit A. Defendant's objection to the timeframe after 1994 as not reasonably calculated to lead to the discovery of admissible evidence is likewise without merit as the same is material to Plaintiff's case and is not otherwise grounds upon which an objection may be interposed. The Plaintiff is entitled to this material and the court should so rule.

**REQUEST 11:** True and accurate copies of any and all documents, letters, internal memorandum, writings, e-mails, letters, which have been created as a result of that contractual relationship/business relationship between the Plaintiff and the Defendant Paychex, Inc. as evidenced in Exhibit A of Plaintiff's Complaint.

**RESPONSE 11:** To the extent available, subject to entry of an appropriate confidentiality order be entered by the court, Paychex will produce non-privileged documents responsive to this request.

**MORE RESPONSIVE ANSWER SOUGHT:** The Defendant's demand that "an appropriate confidentiality order be entered by the court" is without merit as the same does not enjoy the status of confidentially in law or in fact. In addition, Paychex speaks about "non-privileged documents" but does not provide a privilege log as otherwise required. The Defendant should be required to produce this material immediately. The Plaintiff is entitled to this material and the court should so rule.

**REQUEST 12:** True and accurate copies of any and all documents, letters, internal memorandum, writings, e-mails, letters, which have been created as a result of that contractual relationship/business relationship between the Plaintiff and the Defendant Paychex, Inc. from its inception to the present time.

**RESPONSE 12:** To the extent available, subject to entry of an appropriate confidentiality order be the court, Paychex will produce non-privileged documents responsive to this request.

**MORE RESPONSIVE ANSWER SOUGHT:** The Defendant's demand that "an appropriate confidentiality order by entered by the court" is without merit as the same does not enjoy the status of confidentially in law or in fact. In addition, Paychex speaks about "non-privileged documents" but does not provide a privilege log as otherwise required. The Defendant should be required to produce this material immediately. The Plaintiff is entitled to this material and the court should so rule.

**REQUEST 13:** If the Plaintiff and the Defendant Paychex, Inc. had any other contractual relationship other than that which is reflected in Exhibit A of Plaintiff's Complaint, please produce true and accurate

copies of all documents, internal memorandum, writing, e-mails, videotapes, CD-ROMs or letters which in any way reflect and/or were created as result of said relationship.

**RESPONSE 13:** Paychex objects to this request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Paychex will produce a copy of the 1996 contract between the parties.

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff moves to strike Defendant's objection as the requested material is not vague, overly broad or unduly burdensome. The Defendant cannot interpose an objection on its belief that the requested materials will not reasonably lead to the discovery of admissible evidence. Request number 13 is not limited to the 1996 contract between the parties. Rather the request number 13 seeks all documents which evidence the relationship of the parties, even those which predate the 1994 agreement. The Plaintiff is entitled to this material and the court should so rule.

**REQUEST 14:** True and accurate copies of any Complaints filed in any court by any customer against Defendant Paychex, Inc. in which said customer has alleged that they suffered damages as a result of either Defendant Paychex, Inc.'s negligence, breach of contract, breach of fiduciary duty, or recklessness.

**RESPONSE 14:** Paychex objects to this request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Allegations by other Paychex customers, if any, are not relevant to whether Paychex breached its contractual obligations to plaintiff.

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff moves to strike Defendant's objection as the requested material is not vague, overly broad or unduly burdensome. The Defendant cannot object on its belief that the material requested will not reasonably lead to the discovery of admissible evidence. Defendant's objection that the requested material is not relevant is not a basis upon which the Defendant can interpose an objection. Indeed, to the contrary, such allegations if they exist would be extremely relevant and material to Plaintiff's Complaint and Defendant's knowledge concerning the issues set forth in Plaintiff's Complaint. The Plaintiff is entitled to this material and the court should so rule.

**REQUEST 15:** True and accurate copies of any requests for arbitration filed in any jurisdiction by any customer against Defendant Paychex, Inc. in which said customer has alleged that they suffered damages as a result of either Defendant Paychex, Inc.'s negligence, breach of contract, breach of fiduciary duty, or recklessness.

**RESPONSE 15:** Paychex objects to this request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Allegations by other Paychex customers, if any, are not relevant to whether Paychex breached its contractual obligations to plaintiff.

**MORE RESPONSIVE ANSWER SOUGHT:** Plaintiff moves to strike Defendant's objection as the requested material is not vague, overly broad or unduly burdensome. The Defendant cannot object on its belief that the material requested will not reasonably lead to the discovery of admissible evidence. Defendant's objection that the requested material is not relevant is not a basis upon which the Defendant can interpose an objection. Indeed, to the contrary, such allegations if they exist would be extremely relevant and material to Plaintiff's Complaint and Defendant's knowledge concerning the issues set forth in Plaintiff's Complaint. The Plaintiff is entitled to this material and the court should so rule.

**REQUEST 16:** Please produce true and accurate copies of any and all internal memorandum, writings, e-mails, manuals, video tapes, audio tapes, CD-ROMs, letters, or any other communication between the Plaintiff and Defendant Paychex, Inc. which in any way evidences the position that Carleen Conner was, based upon the specific directions of the Plaintiff, Paychex, Inc.'s authorized payroll contact.

**RESPONSE 16:** To the extent available, subject to entry of an appropriate confidentiality order by the court, Paychex will produce documents responsive to this request.

**MORE RESPONSIVE ANSWER SOUGHT:** Defendant's demand that an appropriate confidentiality order be entered by this court is without merit as the same does not enjoy the status of confidentiality in law or in fact. The Plaintiff is entitled to this material and the court should so rule.

**GOOD FAITH CERTIFICATION**

I hereby certify that on the 6th day of May 2008 I did make a good faith attempt to resolve all outstanding discovery issues.

Plaintiff,
By and through its attorney,

/S/ Daniel V. McKinnon

Daniel V. McKinnon (#0669)
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861
(401) 723-9655

**CERTIFICATION**

I certify that a copy of this document was electronically filed with the Clerk of the United States District Court for the District of Rhode Island and is available for viewing and downloading to the following registered counsel of record: Robert K. Taylor, Esq., Carolyn P. Medina, Esq., Partridge, Snow & Hahn, LLP, 180 South Main Street, Providence, RI 02903 on the 17th day of April 2008.

/S/ Daniel V. McKinnon