UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OPHTHALMIC SURGEONS, LTD.,
    Plaintiff,

v.                                                                 C.A. No. 07-413-ML

PAYCHEX, INC.,
    Defendant

## MEMORANDUM AND ORDER

This matter is before the Court on a motion by Defendant Paychex, Inc. ("Paychex") for summary judgment against Plaintiff Ophthalmic Surgeons, Ltd. ("OSL"). For the reasons that follow, the Defendant's Motion for Summary Judgment is GRANTED.

## I. Background

OSL, a Rhode Island corporation, filed this complaint in Rhode Island Superior Court against Paychex, a Delaware corporation with its principal place of business in Rochester, New York. Defendant removed the case to this Court. Count I of the complaint alleges that Paychex "(a) Did not maintain its fiduciary duty to the Plaintiff[]; (b) Did not use its expertise in the discharge of its responsibilities; (c) Was negligent in the discharge of its duties to the Plaintiffs." Compl., ¶ 12. Although Count I alleges that Paychex acted negligently, OSL concedes in its Memorandum in Opposition to Paychex's Motion for Summary Judgment that it has not brought a negligence claim ("OSL's cause of action is breach of contract alone."). Mem. in Opp'n to Paychex's Mot. for Summ. J., at *17. Count II, seeking punitive damages, alleges that Paychex's failure to discharge its duties was "willful, reckless, wanton and demonstrated a disregard for

1

Plaintiffs' rights." Compl., ¶ 21.[1]

OSL became a basic payroll client of Paychex in approximately 1989. In December of 1994, OSL and Paychex entered into a written agreement for direct deposit payroll services. The parties entered into another written agreement in July of 1996, adding Taxpay Services. Pursuant to these contracts, Carleen Connor ("Connor") was designated by OSL to serve as the payroll contact. This role required Connor to report the salaries and wages of OSL employees to Paychex at regular intervals. Paychex would then withdraw the specified amounts from OSL's bank account and process electronic fund transactions to pay salaries, wages, and payroll taxes. Paychex withdrew the amounts specified by Connor at the time intervals specified by Connor. At no time did OSL inform Paychex of any limitations on Connor's authority as the designated payroll contact.

In late 2006, OSL discovered that direct deposit payments had been issued to Connor beyond those that she was entitled to receive. Connor had allegedly instructed Paychex to issue two payroll direct deposit payments to her account, rather than one, for certain pay periods. OSL contends that, between 2001 and 2006, Connor directed Paychex to pay her a total of $233,159 more than her authorized annual salary of $33,280. Paychex advised Connor as designated payroll contact that issuing more than one paycheck for an employee in a single pay period was more expensive for OSL, because Paychex charged for each check. Connor, however, indicated to Paychex that she wanted multiple direct deposit payments because one larger direct deposit

---

[1] The complaint also included Count III, contending that Defendant Chase Bank USA acted negligently and breached its fiduciary and contractual duties to the Plaintiff. Count III was dismissed with prejudice and Defendant Chase Bank, USA was terminated as a party on May 21, 2008.

payment required a larger tax withholding. Paychex did not directly contact Dr. Andreoni, owner of OSL, to report the multiple direct deposit payments issued to Connor. Paychex did disclose the multiple paychecks issued to Connor in the periodic payroll reports sent to OSL. Each time OSL processed a payroll, Paychex provided payroll reports, including payroll journals and checks, and invoices indicating how many paychecks were issued per pay period. These reports were sent to Connor as designated payroll contact. OSL admits, however, that no one supervised Connor while she was an OSL employee. Neither OSL, nor the accounting firms which prepared tax returns and other financial documents for OSL, raised any questions about the payments which Paychex made at the direction of Connor as OSL's designated payroll contact.

OSL filed the instant Complaint against Paychex alleging breach of contract. Paychex has moved for summary judgment, contending that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

## II. Analysis

A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©). A "genuine issue" is one that "could be resolved in favor of either party," and a fact is material if it "has the potential of affecting the outcome of the case." Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). The nonmoving party "may not rely merely on allegations or denials in its own pleading[,]" but must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

OSL alleges that Paychex is liable for breach of contract because Paychex provided multiple direct deposit payments to Connor for certain pay periods. Paychex contends that it was contractually authorized to process the payroll according to instructions provided by Connor as OSL's designated payroll contact, and that it did not have any contractual obligation to inform OSL of any payments that seem "out of the ordinary."

The parties agree that New York law governs this suit. See Def.'s Mem. in Supp. of Def.'s Mot. for Summ. J., at *8; Pl.'s Mem. in Opp'n to the Def.'s Mot. for Summ. J., at *4. Under New York law, "clear and unambiguous [contractual] terms should be interpreted in their plain, ordinary meaning." Moncure v. N.Y. State Dep't of Envtl. Conservation, 218 A.D.2d 262, 265-66 (N.Y. 1996).

The 1994 written contract states that, "[o]ne business day prior to the client's payroll check date, Paychex is authorized to draw from Client's bank account *as specified by Client*, such amounts as are necessary to pay its employees." Direct Deposit Terms and Conditions, Ex. A (emphasis added). This Court finds that this language of the written contract is clear and unambiguous.

OSL, as client, designated Connor to specify the authorized payments. Both parties agree that Paychex processed the payroll information at the direction of Connor as OSL's designated payroll contact. Both parties agree that Paychex regularly sent payroll reports, detailing the direct deposit payments made to OSL employees, to Connor as designated payroll contact. OSL has failed to point to any provision within the contract that obligated Paychex to do more than this. Accordingly, Paychex is entitled to summary judgment on the contract claim in Count I.

Although it was pled as a separate claim, Count II, seeking punitive damages, is

derivative of the breach of contract claim in Count I. The failure of OSL's substantive breach of contract claim in Count I is fatal to its derivative claim for punitive damages. Furthermore, under New York law, punitive damages are not available "for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights." <u>Rocanova v. Equitable Life Assurancy Soc'y of the U.S.</u>, 634 N.E.2d 940, 943 (N.Y. 1994). As a result, Paychex is entitled to summary judgment on Count II.

### III. Conclusion

For the reasons detailed above, this Court finds that OSL has failed to present any genuine issues of material fact, and that Paychex is entitled to judgment as a matter of law on both counts. Therefore, Paychex's Motion for Summary Judgment is GRANTED. The clerk is directed to enter judgment in favor of Defendant.

SO ORDERED.

_____
Mary M. Lisi
Chief United States District Judge
September 9, 2009